## TICE TOWING LINE v. JAMES McWILLIAMS BLUE LINE et al.

### No. 294.

Circuit Court of Appeals, Second Circuit.

April 4, 1932.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Norman M. Barron, both of New York City, of counsel), for appellant.

Park, Lynch & Hagen, of New York City (Anthony V. Lynch, Jr., and Charles W. Hagen, both of New York City, of counsel), for libelant.

Leo J. Curren, of New York City, for James McWilliams Blue Line.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

The respondent, McWilliams Blue Line, was the owner of two barges loaded with coal, which were moored on the night of February 5, 1920, at the mouth of Newtown Creek. The tug, Overbrook, while drilling other boats at the docks, negligently set the barges adrift, and the libellant's tug, Ticeline, rescued them and brought them back to a place of safety. On February 2, 1922, the libellant sued the McWilliams Line in personam for the salvage of both hulls and cargoes, and on February 8, 1922, the McWilliams Line under the Fifty-Sixth Rule brought in the Director General, who was operating the Pennsylvania Railroad Company, owner of the tug Overbrook. The judge held the Director General liable for salvage, as indemnitor of the respondent, and ordered a reference. The commissioner found that an award of one thousand dollars was proper, and divided it between the hulls and the cargoes, recommending, however, that the libellant recover only the part allocated against the hulls. Upon exceptions to the report, the judge affirmed

the amount of the award, but assessed the whole against the Director General, who appealed only in so far as the decree charged him with that part of the award allocable against the cargoes.

The petition by which the Director General was brought in, may have meant to speak with a double voice. In so far as it claimed indemnity against him for any award which might be made against the respondent, it sounded in tort. The theory is that through his fault the respondent became liable for the award against the hulls, and was entitled to restitution, quite as though the barges had been damaged. True, the petition was filed before the award had been paid and at that time no damages had arisen; but, as the Director General is content with so much of the decree, we pass all questions on which his liability depends for the salvage of the hulls. So far as the petition seeks to hold him for salvage of the cargoes, it can sound only in quasi contract. The respondent had no interest in these, either as to its freight which was not proved, or because of any liability of which it was relieved (Stratton v. Jarvis, 8 Pet. 4, 8 L. Ed. 846), for it was as much an innocent victim of the tort as the cargoes themselves. This liability must therefore be direct from the Director General to the libellant. We may assume, arguendo, that the libellant had such a claim; that through its services the tort to the cargoes was parried; and that the tort-feasor's consequent relief from liability was a benefit which brought him within the same class as those whose property had been salved. Certainly this is the law in England and Scotland, when the liability is that of a seller before delivery, or of the carrier of salved goods. The Five Steel Barges, L. R. 15 Pro. D. 142; The Port Victor, 9 Asp. Mar. Cas. 163, affirmed 9 Asp. Mar. Cas. 182; Duncan v. Dundee, etc., Co., 5 Sc. Sessions Cas. (4th Series), 742. We need not say whether it makes any difference that the party so relieved is liable, not in contract, but as tort-feasor. United States v. Cornell Steamboat Co., 202 U. S. 184, 26 S. Ct. 648, 50 L. Ed. 987, dealt with a somewhat analogous situation.

Again we assume for argument that the respondent's petition under the Fifty-Sixth Rule (28 USCA § 723) which brought in the Director General might introduce a new cause of suit between him and the libellant, in which the respondent had no share or interest. Although, if so, he became as much a party as though he "had been originally proceeded against" (Rule 56 [28 USCA § 723]), he was not such until he had been served. That was more than two years after the date of the services rendered, and if the suit was for salvage, it was too late (section 730, Title 46, U. S. Code [46 USCA § 730]). It was either that, or it failed, since, as we have said, it could not indemnify the respondent, which had no interest in, or liability to, the cargoes. We need not therefore pass upon whether such a suit lies, whether the petition in fact laid it, or whether it could be introduced into a salvage suit against the owner of the hulls and by him. Granting all the libellant can assert, the prescribed period had passed.

Decree modified; report of the commissioner confirmed.