### CORPORATION OF THE ROYAL EXCHANGE ASSURANCE v. UNITED STATES.

District Court, S. D. New York.
Jan. 8, 1934.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and Alfred Ogden, both of New York City, of counsel), for libelant.

Thomas E. Dewey, U. S. Atty., of New York City (O. P. M. Brown and F. R. Conway, both of Washington, D. C., of counsel), for respondents.

COXE, District Judge.

These exceptions challenge the sufficiency of the libels in two suits for cargo loss brought under the 1932 Amendment to the Suits in Admiralty Act (USCA title 46, § 745), on the ground that the prior actions were commenced more than six years after the respective claims first accrued. USCA title 28, § 262. The libels are substantially identical except that. in one the United States is the respondent, and in the other the Shipping Board Corporation. The suits have been consolidated; and there is a stipulation of facts amplifying the allegations of the pleadings.

The libels allege the delivery to the respondents in December, 1919, of 480 barrels of wine and 3,883 pieces of lumber, for carriage on the S. S. West Aleta under bills of lading, providing for safe delivery at Cardiff, Wales. There are four counts in each libel, the first and second relating to the wine shipment, and the third and fourth to the lumber shipment. In the first and third counts, nondelivery is alleged; and in the second and fourth counts it is charged that the vessel deviated from her course, and stranded off the coast of Holland, and that the wine and lumber became a total loss. It is also alleged that prior actions at law on the claims were commenced against the Fleet Corporation February 17, 1926, and dismissed February 24, 1930, because not brought under the Suits in Admiralty Act, following the Supreme Court decision in Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. 451.

In the stipulation of facts, it is stated that the West Aleta sailed from San Francisco January 6, 1920, and, instead of putting into Cardiff, proceeded through the English Channel for Hamburg, and stranded February 12, 1920, on Terschelling Island; that, if the vessel had proceeded directly to Cardiff, she would have arrived, and have made delivery there of the wine and lumber, on February 10, 1920; that on February 18, 1920, arrangements were made with a salvage company to salve the cargo on the vessel, and it was not until July 15, 1920, that all salved cargo was on shore under the control of the salvage company; and that a considerable portion of the vessel's cargo was salved, although none of the wine or lumber involved in the present suits was recovered.

It is insisted by the respondents that the claims asserted by the libelant in the pending suits "first accrued" on February 12, 1920, when the West Aleta stranded off the coast of Holland, and were barred by limitation on February 12, 1926, or five days before the prior suits were commenced on February 17, 1926. The libelant, on the other hand, contends that the limitation period did not commence to run on the claims until the salvage operations were completed, and after it was established that delivery could not be made, as required by the bills of lading.

[1, 2] A claim first accrues against the United States, within the meaning of the statute, "when a suit may first be brought upon it." Rice v. U. S., 122 U. S. 611, 617, 7 S. Ct. 1377, 1381, 30 L. Ed. 793. And the question of the bar of the statute may properly be raised by exception to the libel. U. S. Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U. S. 202, 214, 48 S. Ct. 256, 72 L. Ed. 531.

In the present suits, the Fleet Corporation was under a contract obligation to deliver the wine and lumber at Cardiff; and, when the vessel stranded on February 12, 1920, and as a result of the stranding the cargo became damaged, claims for loss immediately accrued in favor of the cargo owners, regardless of whether the claims sounded in contract or in tort. Wilcox v. Plummer, 4 Pet. (29 U. S.) 172, 7 L. Ed. 821; Aachen & Munich Fire Ins. Co. v. Morton (C. C. A.) 156 F. 654, 15 L. R. A. (N. S.) 156, 13 Ann. Cas. 692; In re Herbert & Co. (C. C. A.) 262 F. 682, 684; Watkins v. Madison County Trust & Dep. Co. (C. C. A.) 24 F.(2d) 370; certiorari denied 277 U. S. 602, 48 S. Ct. 562, 72 L. Ed. 1010; John S. Sills & Sons v. Bridgeton Condensed Milk Co. (C. C. A.) 43 F.(2d) 72; H. P. Cummings Const. Co. v. Marbleloid Co. (C. C. A.) 51 F.(2d) 906. This is so, even though the amount and extent of the damage could not be definitely ascertained until

the termination of the salvage operations. Wilcox v. Plummer, supra; Aachen & Munich Fire Ins. Co. v. Morton, supra. The statement to the contrary in Kunglig, etc., v. U. S. (C. C. A.) 19 F.(2d) 761, 763, was merely dictum, and does not seem to be in harmony with the general trend of the authorities.

■ The deviation of the vessel rendered the ship owner liable as an insurer, The Willdomino, 272 U. S. 718, 47 S. Ct. 261, 71 L. Ed. 491, The Malcolm Baxter, Jr., 277 U. S. 323, 48 S. Ct. 516, 72 L. Ed. 901, but it in no way affected the question as to when the claims first accrued; it merely withdrew from the shipowner defenses which might otherwise have been available in opposition to the claims.

The exceptions to both libels are therefore sustained.