## JENSEN v. MATSON NAVIGATION CO. et al.

### No. 381.

District Court, Territory of Hawaii.
March 20, 1947.

Richard D. Welsh, of Honolulu, T. H., for libellant.

Vitousek, Pratt & Winn, of Honolulu, T. H., for respondent Matson Navigation Company.

United States Attorney District of Hawaii and Ed Towse, Assistant U. S. Atty., of Honolulu, T. H., for the United States.

McLAUGHLIN, District Judge.

This suit was filed January 25, 1946, under the Carriage of Goods by Sea Act of 1936, as amended, 46 U.S.C.A. § 1300. It was brought originally against the Matson Navigation Company, alleging it to be liable for damage to goods, namely, a wax museum, shipped in January 1945 aboard one of its vessels from San Francisco to Honolulu and delivered on or about February 13, 1945.

After it appeared on September 7, 1946, from the answer of the Matson Navigation Company that its vessel at the time alleged was under the control of the War Shipping Administration, the libellant on September 18, 1946, moved to amend his libel to include that war agency as a party respondent.

The motion being granted, on September 24, 1946, an amended libel was filed naming the Matson Navigation Company and the United States as respondents.

The United States on February 3, 1947, filed an exception, in which it asserted that as to it the libel should be dismissed because it affirmatively appeared that it was not sued within the time limited by the Act, 46 U.S.C.A. § 1303(6).

The Act states that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered". See 46 U.S. C.A. § 1303(6); Kirby v. South Atlantic S.S. Co. of Delaware, D.C., 25 F.Supp. 477. As the amended libel brought the United States into the case over a year after the goods were delivered (February 13, 1945–September 24, 1946), two questions have been raised:

1. Can the United States take advantage of the limitation, and if so

2. Can it do so by way of exception?

◼ To the first question the answer is yes. The general rule is that where an amendment introduces a new party defendant, if the statute of limitations is available to the new party, he may plead it in bar. See 34 Am.Jur., "Limitations of Actions", Sec. 275.

◼ To the second question the answer is also in the affirmative where, as here, it appears on the face of the amended libel that the case stated is barred by the statute and there is, from the alleged facts, no possibility of the case being taken out

of the statute. See 34 Am.Jur., "Limitations of Actions", Sec. 442. Like the rule above, this rule is as applicable to a suit in admiralty as to a civil action. See United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531; Keil v. United States, D.C., 65 F.Supp. 431; Corporation of Royal Exchange Assurance v. United States, D.C., 6 F.Supp. 689.

So here, as it positively appears that the libellant did not sue the United States within the time limited by the Act and that there are no circumstances alleged which could take the suit out of the statute, and the question being properly before the Court upon a specific exception based on the statutory limitation, the exception is sustained.