## CAVANAUGH v. THE LENCO II et al.

United States District Court
S. D. New York.
Aug. 21, 1951.

Archibald F. McGrath, New York City, proctor for libelant.

Bigham, Englar, Jones & Houston, New York City, proctor for respondent impleaded.

Foley & Martin, New York City, proctor for respondent claimant, Gallagher Bros. Sand & Gravel Corp.

NOONAN, District Judge.

This is an action in admiralty. A libel was filed on August 6, 1948, to recover for salvage services rendered on March 27, 1948, on behalf of six lighters found adrift.

On June 8, 1951, a respondent in this action, Gallagher Brothers Sand & Gravel Corporation, claimant of one of the lighters, Lloyd Point, filed a petition under Rule 56, Admiralty Rules, 28 U.S.C.A.,[1] to implead the Baltimore and Ohio Railroad Company as charterer of the aforesaid lighter on the date of salvage. The respondent-impleaded has excepted on the ground that the petition, which was served approximately 3 years and 2 months after the date of the salvage operations, is barred by Sec. 730, Title 46 U.S.C.A.[2]

The respondent urges that this exception be overruled, though not submitting any papers in opposition. Therefore, the court is not aware of any special or unusual arguments in opposition to the granting of the relief sought here.

 Perhaps the respondent takes refuge in the phrasing of Rule 56, to-wit, "Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against; * * *". However, the respondent-impleaded does not become a party "as if * * * originally proceeded against" until such time as the petition is served. Tice Towing Line v. James McWilliams Blue Line, 2 Cir., 57 F.2d 183, 184.

The claim in the impleading petition is not for indemnity, but is clearly one for salvage. It is, therefore, the conclusion of this court that any direct liability of the respondent-impleaded for salvage is precluded by the provisions of Sec. 730 supra. Accordingly, the impleading petition is dismissed.

Settle order on notice.

1. Rule 56 reads in part: "This shall be done by petition, on oath, presented before or at the time of answering the libel, or at any later time during the progress of the cause that the court may allow. * * * Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against; * * *".

2. "A suit for the recovery of remuneration for rendering assistance or salvage services shall not be maintainable if brought later than two years from the date when such assistance or salvage was rendered, unless the court in which the suit is brought shall be satisfied that during such period there had not been any reasonable opportunity of arresting the assisted or salved vessel within the jurisdiction of the court or within the territorial waters of the country in which the libelant resides or has his principal place of business."