Joseph **LACKOWITZ**

v.

**LUMMUS COMPANY**

and

**Graver Tank & Manufacturing Company, Inc.**

**Civ. A. No. 28338.**

United States District Court
E. D. Pennsylvania.

Dec. 27, 1960.

Arthur G. Raynes, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Roger B. Wood, Joseph R. Thompson, Philadelphia, Pa., for defendants.

EGAN, District Judge.

On July 26, 1960, about four days before the period of limitation would have run, the plaintiff, a citizen of Pennsylvania, instituted this diversity tort action against The Lummus Company and Graver Tank & Manufacturing Company, Inc. Prior to its dissolution on December 31, 1958, Graver Tank & Manufacturing Company, Inc. was a wholly-owned subsidiary of Union Tank Car Company. Upon its dissolution, all of its assets were transferred to Graver Tank and Manufacturing Company, Division of Union Tank Car Company, a New Jersey corporation. (Defendant's brief, p. 3). On September 19, 1960, defendant Graver Tank & Manufacturing Company, Inc. moved to dismiss as to it, on the ground that it had been dissolved in December 1958, pursuant to the laws of Delaware,

and was therefore not subject to service of process in the Eastern District of Pennsylvania.[1] The plaintiff then moved to amend the complaint to change the name of the defendant from Graver Tank & Maufacturing Company, Inc. to Graver Tank and Manufacturing Company, Division of Union Tank Car Company.

The original complaint names Graver Tank & Manufacturing Company, Inc. as a defendant, alleging that it is a New Jersey corporation with its principal place of business in Chicago and that it has an office located at The Benson Apartments, Jenkintown, Pennsylvania. It is the same office as that maintained by Graver Tank & Manufacturing Company, Inc. prior to the time of its dissolution and transfer of its assets and corporate privileges to Graver Tank and Manufacturing Company, Division of Union Tank Car Company. Service of the summons and complaint was made on the Graver Division's resident manager, Arthur I. Webb, at the Jenkintown office on August 8, 1960.

The statute of limitations has run on the plaintiff's cause of action, and so he will have no claim against the Graver Division unless his motion to amend is granted.

In a situation like this, the test should be, according to Professor Moore:

"whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." 2 Moore's

1. The alleged accident on which the plaintiff bases his claim occurred in New Jersey on July 30, 1958, five months prior to the dissolution of Graver Tank & Manufacturing Company, Inc. Suit could have been brought against the dissolved corporation in Delaware, Del.Gen.Corp. Law § 278, 8 Del.C. § 278, by serving process on the Delaware Secretary of State, Del.Gen.Corp.Law § 321, 8 Del. C. § 321. See International Pulp Equipment Co. v. St. Regis Kraft Co., D.C.D. Del.1944, 54 F.Supp. 745. It is doubtful whether suit could have been brought against the dissolved corporation in Pennsylvania. Dehne v. Hillman Investment Co., 3 Cir., 1940, 110 F.2d 456, 458. For a discussion of the applicable procedure to provide for existing contingent claims upon dissolution of a Pennsylvania corporation, see Heaney v. Riddle, 1942, 343 Pa. 453, 23 A.2d 456.

Federal Practice, par. 4.44 (2d ed. 1948).

We feel it is reasonable to conclude that the plaintiff had in mind the Graver Division of Union Tank Car Company, merely made a mistake as to its name, and served an agent of the Graver Division. We note that the complaint correctly indicated the state of incorporation and the location of the principal place of business of Union Tank Car Company and the location of the Jenkintown office of the Graver Division. Accordingly, we will grant the plaintiff's motion to amend.[2]

---

2. Accord, Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27. For cases holding that the requested amendment would amount to a substitution of a new defendant see, e. g., Kerner v. Rackmill, D.C.M.D.Pa.1953, 111 F.Supp. 150, and Sanders v. Metzger, D.C.E.D. Pa.1946, 66 F.Supp. 262 (opinion by Judge Kalodner, then a District Judge).