Shirley A. GRAEFF, Administratrix D.B.N. of the Estate of Monroe Hammond, Deceased

v.

The BOROUGH OF ROCKLEDGE

and

Rockledge Municipal Authority

and

George B. Mebus

and

E. Leva and Sons, Inc., Third-Party Defendant.

Civ. A. No. 29478.

United States District Court E. D. Pennsylvania.

April 22, 1964.

Bank & Minehart, by Melvin A. Bank, Philadelphia, Pa., for plaintiff.

LaBrum & Doak, by Daniel J. Ryan, Philadelphia, Pa., for Rockledge Municipal Authority.

John J. McDevitt, 3rd, by Peter P. Liebert, 3rd, Philadelphia, Pa., for George B. Mebus.

WOOD, District Judge.

The plaintiff administratrix seeks to add *George B. Mebus, Inc.,* as a party defendant to this wrongful death and survival action. George B. Mebus, in his *individual* capacity as *Township Engineer*, has already been named as a party defendant wherein he was allegedly negligent in his supervision of a sewer construction project. It is further alleged that he failed to require proper shoring of an excavation on this project which collapsed, killing the plaintiff's decedent, Monroe Hammond, on June 27, 1960, in Rockledge, Pennsylvania.

Suit was instituted on April 7, 1961—more than three years ago. Now the plaintiff having discovered that she overlooked to name George B. Mebus, *Inc.,* as a party defendant requests the Court to correct this oversight and grant her leave to amend the Complaint.

This motion seeks more than a simple amendment to correct an error in the caption. It seeks to bring in a *new* party to the action by adding a corporate defendant not previously a party to the suit. This is clearly unjust when the statute of limitations has run as is the situation in this case. We feel that the balance of justice weighs against the allowance of the amendment.

Also, the defendant Rockledge Municipal Authority seeks to join George

B. Mebus, Inc. as a third-party defendant. This motion is made long after the expiration of the six month time limitation imposed by our Local Rule 19. Where some compelling reasons are advanced for the delay by the moving party, joinder has been allowed by this Court. McSparran v. Gamble v. Collins, 223 F.Supp. 127 (E.D.Pa.1963). However, such joinder is a discretionary power to be exercised only after the Court has been satisfied that justice requires it. We have not been satisfied. The only reasons advanced to explain the delay are inadvertence and carelessness on the part of the moving party. Whatever confusion may exist in this record which created the mistaken impression that the corporation was a party cannot be attributed to George B. Mebus, Inc., and thereby provide a basis for joinder. The imminency of trial militates against the joinder.

Motions denied.