Atha CONE and Charles Cone, Plaintiffs,

v.

Florence J. SHUNKA, Walter Shunka, and Lake Shore Mutual Insurance Company, Defendants.

Civ. No. 3651.

United States District Court
W. D. Wisconsin.
March 31, 1966.

---

10. Cited in Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959).

**13**

Vaughn S. Conway and Kenneth H. Conway, Baraboo, Wis., for plaintiffs.

Roberts, Boardman, Suhr & Curry, Madison, Wis., for Lake Shore Mut. Ins. Co.

JAMES E. DOYLE, District Judge.

The defendant Lake Shore Mutual Insurance Company moves for summary judgment under Rules 12 and 56 of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint as against it. The motion is based upon section 330.205, Wisconsin Statutes, which provides that an action for personal injuries must be brought within three years of the date of injury.

Plaintiff Atha Cone was allegedly injured on August 28, 1960. The action was brought in Circuit Court for Sauk County, Wisconsin. The original summons and complaint named as defendants Florence J. Shunka, Walter Shunka and Redman Insurance Company. They were served well within three years following August 28, 1960. On July 18, 1963, the action was removed to this court.

Thereafter, on October 6, 1965, this court granted plaintiffs leave to file and serve upon Lake Shore Mutual Insurance Company an amended complaint naming it as a party defendant. Such an amended complaint was filed October 18, 1965, and served upon Lake Shore the same day. When granting plaintiffs leave so to amend their complaint, the court expressly refrained from passing upon the efficacy of the amendment.

Briefs have been submitted on defendant Lake Shore's motion for summary judgment. Argument has been heard. The court is advised in the premises.

The central issue appears to be whether, for limitations purposes, the amendment to the complaint by which Lake Shore was added as a party defendant, and the service of a summons and the amended complaint upon Lake Shore on October 18, 1965, relates back to June 27, 1963, when the Shunkas and Redman Insurance Company were originally served with summonses in the Wisconsin court.

Rule 15(c) of the Federal Rules of Civil Procedure provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

This rule "cannot be construed to enable a party to avoid the effect of a statutory limitation fixing the time in which actions of this character must be brought." Anderson v. Brady et al., 7 F.R.D. 84 (E.D.Ky., 1946). Rule 15(c) does not permit an amendment, the effect of which is to allow the bringing of an action against a new party in whose favor the limitations period has run. Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa., 1964); Nayer v. Robertshaw-Fulton Controls Co., 195 F.Supp. 704 (D.Mass., 1961); Slater v. Keleket, X-Ray Corp., 172 F.Supp. 715 (D.D.C., 1959); 1A Barron & Holtzoff, Federal Practice and Procedure (Rules Edition, 1960), Sec. 451, p. 806.

The amendment to Rule 15(c), which is to become effective July 1, 1966, will permit a new party to be brought in by amendment if, within the limitations period, the new party "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." The Advisory Committee's Note states that by this added language, Rule 15(c) is "amplified to state more clearly" its meaning and that the added language is a "clarification". Report of the Judicial Conference of the United States, transmitted to Congress February 28, 1966, pp. 14–15, as published in 249 F.Supp., No. 4, March 28, 1966. It is immaterial whether Rule 15(c) should be applied to the present issue as though the added language were already incorporated in it, inasmuch as the showing required by the added language has not been made.

 It is not clear whether, for limitations purposes, Rule 15(c) or Wisconsin law is to apply to a cause of action, such as the present one, created by local law. Authority on this question had been sharply divided. 1A Barron & Holtzoff, supra, Sec. 448.1. Barron and Holtzoff believe that the question has been resolved by Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) in favor of the application of the Federal Rules of Civil Procedure. Id., 1965 pocket part, Sec. 448.1 and footnote 43.8a thereto. *Hanna's* application to a limitations issue, not there involved, seems less clear to us, but it strongly suggests that the Federal Rules are to be applied in the present action. This conclusion had already been reached in the Eastern District of Wisconsin in Aarhus Oliefabrik A/S v. A. O. Smith Corporation, D. C., 22 F.R.D. 33 (1958). We concur in this view, apply the federal rule, and hold that under the federal rule the defendant's motion for summary judgment should be granted.

In any event, although less well defined, Wisconsin law appears to coincide with the federal rule. Levy v. Wilcox, 96 Wis. 127, 70 N.W. 1109 (1897); Webster v. Pierce, 108 Wis. 407, 83 N.W. 938 (1901); and Baker v. Tormey, 209 Wis. 627, 245 N.W. 652 (1932).

Upon the entire record herein, it is hereby ordered that the motion of defendant Lake Shore Mutual Insurance Company is granted.