**PEOPLE OF THE LIVING GOD**

v.

**STAR TOWING CO., Inc. and Derrick Barge No. 1.**

**No. 5688.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 10, 1968.

E. Howard McCaleb, III, New Orleans, La., for libelant.

John Poitevent, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant Star Towing Co., Inc.

Cornelius G. Van Dalen, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendants Atlantic & Gulf Stevedores, Inc. and the barge Eileen H. McGrath.

HEEBE, District Judge:

This suit was instituted over five years ago on February 20, 1963, against the Derrick Barge No. 1 and her owner, Star Towing Co., Inc., to recover for salvage services rendered by libelant's tug, the Ambassador, to the Derrick Barge No. 1 on February 9, 1962, and for damages incurred by the Ambassador in the rescue operation. The libellant also sought to recover charter hire; but that claim is irrelevant for purposes of this motion.

The original petition claimed that Star Towing Company's tug, the Calco XV, was towing the Derrick Barge No. 1, also owned by Star Towing Company, across the Mississippi River when the tow line became entangled in the anchor chain of another vessel anchored in the river. This allegedly caused the tow line to part and both vessels—the tug and the tow—were swept down the river by the strong current. Libelant alleged that the Ambassador, at the request of Star Towing Company's fleet superintendent, went to the aid of the Derrick Barge No. 1 which was in a heeled over condition threatening to sink and in imminent danger of crashing into another vessel anchored in the river. Libelant further alleged that the Ambassador was able to put her lines on the Derrick Barge No. 1 and bring her back upstream where the Calco XV, which had righted herself, was able to tie up alongside. The flotilla then proceeded up the river to berth the barge alongside a ship where the barge was to work. While mooring the Derrick Barge No. 1 to the ship, the Ambassador was crushed between the barge and the ship allegedly causing $350.00 damage to her

pilothouse. Libelant claims this was caused by the negligence of the Calco XV.

As a result of interrogatories filed on September 22, 1967, four and one-half years after the suit was instituted, the libelant discovered that the name of the salved barge was not the Derrick Barge No. 1, as originally alleged, but was the barge Eileen H. McGrath which was owned by Atlantic & Gulf Stevedores, Inc., and not Star Towing Company. Consequently, libelant sought leave to amend its petition to substitute the Eileen H. McGrath for the Derrick Barge No. 1 and to add Atlantic & Gulf Stevedores as a party defendant.[1] Leave to amend was granted on November 22, 1967.

The present motion is a motion for summary judgment brought by Atlantic & Gulf Stevedores, Inc., and the Eileen H. McGrath on the grounds that because they were not sued until over five and one-half years after the salvage operation occurred, the suit against them is barred by 46 U.S.C. § 730 which provides:

"A suit for the recovery of remuneration for rendering assistance or salvage services shall not be maintainable if brought later than two years from the date when such assistance or salvage was rendered * * *."[2]

There has been no tendency on the part of the judiciary to erode the plain meaning of this statute. It is clear that a party may not be brought into court to defend a claim for salvage after the two-year statute of limitations has run.[3] Tice Towing Line v. James McWilliams Blue Line, 57 F.2d 183 (2d Cir. 1932); Cavanaugh v. The Lenco II, 102 F.Supp. 213 (S.D.N.Y.1951); Canadian Government Merchant Marine v. Virginia Coaling Corp., 1929 A.M.C. 192 (E.D.N.Y.1929).

The libelant, however, baldly asserts without citation of authority or discussion that Article 2097 of the Louisiana Civil Code tolls the federal statute

---

1. In assessing the validity of the defense of the statute of limitations asserted by Atlantic & Gulf Stevedores, Inc., discussed *infra*, we here note that the amended complaint states a claim against Atlantic & Gulf Stevedores, Inc., only for salvage services and damages incurred in the rescue operation. This is predicated solely on the fact that Atlantic & Gulf Stevedores, Inc., owned the salved barge. No claim of negligence is asserted against Atlantic & Gulf Stevedores, Inc., or its barge.

2. It is, of course, proper for the defendant to move for summary judgment on the basis of a statute of limitations. Ayers v. Davidson, 285 F.2d 137, 139 (5th Cir. 1960); Cone v. Shunka, 40 F.R.D. 12 (W.D.Wis.1966); Robbins v. Esso Shipping Co., 190 F.Supp. 880, 884 (S.D.N.Y. 1960); 3 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) § 1245; 6 Moore, Federal Practice ¶ 56.17 [58].

3. On oral argument counsel for Atlantic & Gulf Stevedores, Inc., and the Eileen H. McGrath stated that insofar as the claim for damages incurred in the salvage operation was concerned, he was relying on the doctrine of laches rather than 46 U.S.C. § 730. We therefore need not decide whether 46 U.S.C. § 730 embraces claims for damages incurred in the salvage operation as well as claims for salvage services. We do hold, however, that laches has run on this aspect of libelant's claim against Atlantic & Gulf Stevedores, Inc., and the Eileen McGrath. This holding is based on the law in this circuit that when the elapsed time in an admiralty action has exceeded the analogous state statute of limitations, then a presumption that laches has set in arises and the plaintiff has the burden of overcoming it. Kenney v. Trinidad Corp., 349 F.2d 832, 839 (5th Cir. 1965), cert. den. 382 U.S. 1030, 86 S.Ct. 652, 15 L.Ed.2d 542 (1966); McMahon v. Pan American World Airways, Inc., 297 F.2d 268 (5th Cir. 1962); Vega v. The Malula, 291 F.2d 415 (5th Cir. 1961); Barca v. Matson Navigation Co., 211 F.Supp. 840 (E.D.La.1962). Because the claim for damages is so intertwined with the claim for salvage services, insofar as the claim against the owner of the salved vessel is concerned, the most analogous statute of limitations in this case is obviously 46 U.S.C. § 730, and it would be most illogical not to apply the same presumption when a federal statute is involved. The libelant has failed in its effort to upset this presumption.

of limitations found in 46 U.S.C. § 730. Article 2097 provides:

> "A suit brought against one of the debtors *in solido* interrupts prescription with regard to all." [4]

Libelant's contention raises two issues for which neither party has cited any authority. The first is whether a state statute tolling prescription interrupts the running of a federal statute of limitations in an admiralty action; the second is, if the state statute is applicable, whether Star Towing Company and Atlantic & Gulf Stevedores, Inc., are liable *in solido* so as to come within the scope of Article 2097. We hold that Article 2097 of the Louisiana Civil Code does not apply to this suit and therefore does not toll the federal statute of limitations. We do not reach the second issue.

This is a federal suit in every sense of the word. It is an action in admiralty for salvage arising under the general maritime law. 46 U.S.C. § 730 is a federal statute of limitations which contains its own tolling provisions.[5] We simply do not think there is any room for the application of state tolling statutes in this admiralty action which contains its own statute of limitations complete with provisions for tolling. In Burnett v. New York Central R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), an action brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., the Supreme Court indicated that the mechanical application of state "saving statutes" to the federal statute of limitations would frustrate the congressional policy of uniformity underlying the federal statute. Thus, rather than apply diverse state statutes subjecting a litigant's rights arising under federal law to the vagaries of state law, the Supreme Court opted in favor of national uniformity in fashioning a federal rule as to the tolling of the federal statute of limitations. This reasoning is equally applicable to admiralty actions. Belton v. Traynor, 381 F.2d 82 (4th Cir. 1967); Berry v. Pacific Sportfishing, Inc., 372 F.2d 213 (9th Cir. 1967), cert. den. 389 U.S. 821, 88 S.Ct. 42, 19 L.Ed.2d 72 (1967); Izquierdo v. Cities Service Oil Co., 244 F.Supp. 758 (S.D.N.Y.1965); Stoever v. Moore-McCormack Lines, Inc., 1958 A.M.C. 1391 (N.Y.1958); Ali Ben Ali v. Moore-McCormack Lines, Inc., 1955 A.M.C. 2332 (N.Y.1955). We are therefore compelled to hold that Article 2097 does not apply to this case.[6]

Having determined that Article 2097 is not applicable, we are still faced with the question of whether we will incorporate or adopt by analogy the principle embodied in Article 2097 into the law of admiralty. We decline to do so because we do not believe that this case warrants such a rule.

The owner of a salved vessel is liable for salvage services as well as

---

4. In Louisiana liability *in solido* is similar to joint and several liability at common law.

5. The omitted portion of 46 U.S.C. § 730, quoted above, provides:

 " * * * unless the court in which the suit is brought shall be satisfied that during such period there had not been any reasonable opportunity of arresting the assisted or salved vessel within the jurisdiction of the court or within the territorial waters of the country in which the libelant resides or has his principal place of business."

 Because the Eileen H. McGrath has not left the Port of New Orleans since the date of the salvage, this provision is not applicable.

6. Our research has disclosed only one case contrary to our decision. Melancon v. Travelers Ins. Co., 209 F.Supp. 68 (W. D.La.1962). This was a suit against an insurance company via the "direct action" statute on a Jones Act claim. After the three year statute of limitations applicable to Jones Act claims had expired, the plaintiff sought to add the insured as a codefendant. It was allowed on the basis of Article 2097, the same statute involved here. However, the court did not even discuss the issue raised here. We therefore have no reason to believe that the problem was brought to the attention of the court. Further, even if it was, the *Burnett* case, decided by the Supreme Court three years later, provides the governing rationale.

any damages incurred in the salvage operation. Gilmore & Black, The Law of Admiralty §§ 8-8, 8-9, 8-13, 8-14 (1957). However, one whose fault occasions the necessity for the salvage is also liable. In such a case, the one at fault is primarily liable and the owner is only secondarily liable. The one at fault must pay the entire salvage award if he is able. The Mercer, 297 F. 981 (2d Cir. 1924); The Richard F. Young, 245 F. 499 (E.D.Va.1917). Cf. Burns Bros. v. Erie R. Co., 79 F.Supp. 948 (E.D.N.Y.1948), modified sub nom, 176 F.2d 406 (2d Cir. 1949); Olsen Water & Towing Co. v. United States, 21 F.2d 304 (2d Cir. 1927); The Public Bath No. 13, 61 F. 692 (S.D.N.Y.1894).

 The *possibility* of joint and several liability or liability *in solido* on the part of Star Towing Company and Atlantic & Gulf Stevedores, Inc., exists only if Star Towing Company was negligent or otherwise at fault.[7] If Star Towing Company was not negligent or at fault, there would certainly be no joint and several liability, and this would be an inapposite case for the fashioning of a federal rule adopting by analogy the principle embodied in Article 2097. But even assuming that Star Towing was negligent or at fault,[8] we still do not believe that, if such a rule may be formulated, this is a proper case in which to do it. We do not feel that the policy which supports the principle embodied in Article 2097 is applicable here. Such a statute is obviously premised on the notion that a party who is jointly and severally liable with another party who was sued within the statutory time limit will not be prejudiced if made a defendant after the statute of limitations has run.[9] See Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (La.1948). This is because in most instances he will have knowledge of the suit. Having thus been alerted and with the knowledge that he, too, may be sued, he will be in a position to protect himself. In this case, however, Atlantic & Gulf Stevedores, Inc., had no knowledge whatsoever that this suit was pending at the time the statute of limitations expired. Without such knowledge the attempt to join it in this suit three and one-half years after the statute of limitations had expired certainly comes as a surprise to Atlantic & Gulf Stevedores, Inc., and it is impossible to overlook the prejudice which will befall Atlantic & Gulf Stevedores, Inc., when it commences its investigation *for the first time* into the events of over five and one-half years ago.

 An even stronger reason emerges when it is remembered that this is not a case involving two active wrongdoers. If Star Towing Company and Atlantic & Gulf Stevedores, Inc., are jointly and severally liable, it would be due solely to the active wrong of Star Towing Company. Atlantic & Gulf Stevedores, Inc., did not expose itself to such liability either by conduct or by contract. Atlantic & Gulf Stevedores would only be technically liable by virtue of its status as owner of the salved barge. Thus, if Star Towing Company and Atlantic & Gulf Stevedores would

---

7. The complaint alleges that the libelant rescued the distressed barge at the request of Star Towing's fleet superintendent. If this created a contract, there is certainly no joint and several liability on the contract.

8. Parenthetically we might note that the complaint does not allege that the events leading to the salvage services were caused by the negligence or fault of Star Towing Company. The only negligence charge against Star Towing Company is that it negligently caused $350.00 damage to the Ambassador's pilothouse. Thus,

absent an amendment to the pleadings either expressly before the trial or impliedly at the trial, the only amount for which Star Towing Company and Atlantic & Gulf Stevedores, Inc., could possibly be jointly and severally liable *would* be for the damage to the pilothouse.

9. Or that, if he would be prejudiced, his own wrong conduct vests the equities with the plaintiff who has sued at least one of the wrongdoers. The discussion *infra* reveals that this rationale is also inapposite in this case.

be jointly and severally liable, it would be far removed from the classic examples of such liability. To subject Atlantic & Gulf Stevedores, Inc., to the principle embodied in Article 2097 on a technical basis would, in this case, erode the equitable foundations of admiralty. This is especially true here because the long delay in bringing Atlantic & Gulf Stevedores, Inc., into this suit appears to be due solely to the neglect of the libelant in failing to determine, until this late date, who owned the salved barge.[10]

The libelant also contends that because "Derrick Barge No. 1" was written on the side of the barge Eileen H. McGrath, the filing of suit against the Derrick Barge No. 1 was merely a misnomer. The libelant obviously seeks to invoke the doctrine of "relation back" embraced in F.R.Civ.P. 15(c). The principle embodied in that rule affords relief from the statute of limitations in "misnomer" cases. The "misnomer" rule, however, is not applicable to this case. It applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly used the wrong name of the defendant. Grooms v. Greyhound Corp., 287 F.2d 95 (6th Cir. 1961); Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958); United States v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947); Lackowitz v. Lummus Co., 189 F.Supp. 762 (E.D.Pa. 1960); Godfrey v. Eastern Gas & Fuel Associates, 71 F.Supp. 175 (D.Mass.

1947). In such a case the defendant has notice of the suit within the statutory time limit. The policy underlying the statute of limitations not being applicable and the defendant not being prejudiced in such instances, the misnomer, a mere technical error, will not prevent the tolling of the statute of limitations.

In this case, however, the libelant is attempting to add an additional party, to bring in a new party, rather than attempting to correct the name of a party already in the suit. It is well settled that the addition of a party to the lawsuit constitutes a new and independent claim which does not relate back. United States for Use and Benefit of Statham Instruments, Inc. v. Western Casualty & Surety Co., 359 F.2d 521, 523 (6th Cir. 1966); Solo Cup Co. v. Paper Machinery Corp., 359 F.2d 754 (7th Cir. 1966); Cone v. Shunka, 40 F.R.D. 12 (W.D.Wis.1966); Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa.1964); Robbins v. Esso Shipping Co., 190 F.Supp. 880 (S.D.N.Y. 1960); Strauss v. Rex, 191 F.Supp. 128 (W.D.Pa.1960); Jensen v. Matson Navigation Co., 70 F.Supp. 1020 (D.Hawaii 1947); 1A Barron & Holtzoff, Federal Practice and Procedure, § 451 (Wright ed.). The 1966 amendment to Rule 15(c) does not alter this principle.[11] As Judge Holtzoff pointed out in King v. Udall, 266 F.Supp. 747 (D.D.C.1967), the new rule by its very terms "is limited to amendments *changing* the party against whom a complaint was served. It does not apply to *additional* parties."

10. While it is not germane to the issue here, we might point out that our decision does not appear to harm the libelant. Under the cases cited above, if Star Towing Company was negligent or at fault, which is the only possibility of joint and several liability, it would be primarily liable and thus directly liable to the salvor. Atlantic & Gulf Stevedores, Inc., would only be secondarily liable and would have to pay only if Star Towing Co. was insolvent, and it does not appear that Star Towing Company is insolvent.

11. The 1966 amendments to the Federal Rules of Civil Procedure "shall take ef-

fect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies." 383 U.S. 1031, 86 S.Ct. 211. Because the amended rules do not alter the result in this case, we need not determine whether they are applicable to this action which was instituted prior to July 1, 1966.

(emphasis added) At 749. See also, Storey v. Garrett Corp., 43 F.R.D. 301 (C.D.Cal.1967); Monarch Industrial Corp. v. American Motorists Ins. Co., 276 F.Supp. 972 (S.D.N.Y.1967); Phillip v. Sam Finley, Inc., 270 F.Supp. 292 (W.D.Va.1967). This, then, at least as far as the *in personam* suit against Atlantic & Gulf Stevedores, Inc., is concerned, is clearly not a misnomer case, and the amendment does not relate back.

With respect to the *in rem* aspect of this suit against the barge, it may well be that the libel was merely a misnomer and that the libelant did intend to sue the correct barge. However, this also fails to come within the "misnomer" rule. As noted above, the rule requires that the defendant receive notice of the suit within the statutory time limit. We perceive no reason to ameliorate this requirement in an *in rem* action for the same considerations are applicable. In this case no notice of the suit through service of process, seizure, arrest, or otherwise was given to the vessel or its owner until October 16, 1967, over five and one-half years after the incident occurred and over three and one-half years after the statute of limitations had expired. In the absence of such notice within the statutory time limit, the "relation back" doctrine of Rule 15(c) is inapplicable, both before and after the 1966 amendment, even in misnomer cases. Martz v. Miller Bros. Co., 244 F.Supp. 246 (D.Del.1965); Harris v. Stone, 115 F.Supp. 531 (D.D.C. 1953). To hold otherwise would frustrate the policy of the statute of limitations, abuse the doctrine of relation back, and work a serious prejudice to Atlantic & Gulf Stevedores, Inc., and the barge Eileen H. McGrath by forcing them to now defend this lawsuit.

Accordingly, it is the order of the Court that the motion of Atlantic & Gulf Stevedores, Inc., and the barge Eileen H. McGrath for summary judgment in their favor against the libelant herein be, and hereby is, granted.