**Glen GRAVES, Appellant,**

v.

**GENERAL INSURANCE CORPORA-TION, a foreign corpora-tion, Appellee.**

**No. 9877.**

United States Court of Appeals
Tenth Circuit.

June 26, 1969.

Sam Laughlin, Jr., Roswell, N. M., for appellant.

Bob F. Turner, Roswell, N. M. (Atwood & Malone, Roswell, N. M., of counsel, on the brief), for appellee.

Before JONES *, BREITENSTEIN and HOLLOWAY, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

JONES, Circuit Judge.

The appellant, Glen Graves, brought an action in the District Court of the District of New Mexico and named the defendant as General Insurance Company. A claim was stated upon a policy of fire insurance which Graves, in his complaint, alleged had been issued to him by the defendant and under which a loss had been sustained by reason of a fire which occurred on July 10, 1964. In the complaint the defendant was named as General Insurance Company and was referred to in the body of the complaint as a foreign corporation authorized to do business in New Mexico. On July 16, 1965, process was served on the Superintendent of Insurance of New Mexico as statutory agent of General Insurance Company. The only insurance company of this name authorized to do business in New Mexico had its home office in Seattle, Washington. On August 25, 1965, the attorneys for the plaintiff filed a paper styled "Notice" and addressed "To whom it may concern." In this instrument it was stated that the defendant in the cause was General Insurance Corporation of Fort Worth, Texas, and not General Insurance Company of America with its home office in Seattle, Washington. The Superintendent of Insurance was supplied with a copy of the notice and sent it to General Insurance Corporation on August 31, 1965.

General Insurance Corporation, the appellee, filed an answer on September 20, 1965. One of the defenses set up in the answer was that the suit was not commenced within twelve months next after the inception of the loss and was therefore barred. Graves moved for leave to amend so as to show General Insurance Corporation instead of General Insurance Company as the defendant. Before the motion was acted upon the parties stipulated that the "Notice" of August 25, 1965 had the effect of amending the name of the defendant in the original complaint. After so stipulating, the appellee filed a motion for summary judgment based upon its defense that the suit was barred since it was not commenced within twelve months next after the inception of the loss. On July 15, 1966, the district court entered its order granting summary judgment for the appellee and dismissing appellant's cause of action, from which the appellant appeals.

The narrow issue presented is: whether, for purposes of tolling the one-year contractual and statutory period of limitations, Section 58–8–10(f), N.M.S.A., 1953 Comp., the "Notice" filed August 25, 1965, naming General Insurance Corporation as defendant relates back to the date of the filing of the original complaint against General Insurance Company, on June 8, 1965, under Rule 15(c), Federal Rules of Civil Procedure. While the notice and stipulation had the effect of adding the General Insurance Corporation as a defendant to the action, it did not necessarily toll the statute of limitations which had run before the notice was filed. If the amendment did not relate back, the action is barred.

Appellant urges that Rule 15(c) is applicable to his situation since the change in the style of the complaint merely involved the correction of a "misnomer" or a "scrivener's error." Obviously, if appellant is to prevail he must show that a misnomer is involved in order to take advantage of the relation back doctrine incorporated in Rule 15(c). But this is not a true misnomer situation, or at least not the type of misnomer Rule 15(c) was envisioned to correct. What appellant actually accomplished by his Notice was to add or substitute a party.

Corrections of misnomers are permitted under Rule 15(c). Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co., 10th Cir. 1967, 382 F.2d 103; Wynne v. United States ex rel. Mid-States Waterproofing Co., Inc., 10th Cir. 1967, 382 F.2d 699; Wirtz v. Mercantile Stores, Inc., E.D. Okl.1967, 274 F.Supp. 1000; Marino v. Gotham Chalkboard Mfg. Corp., S.D.N.Y.1966, 259 F.Supp. 953; Infotronics Corp. v. Varian Associates Corp., S.D.

Tex.1968, 45 F.R.D. 91. Generally, in the cases cited the plaintiff actually sued and served the correct party, the party he intended to sue, but mistakenly used the wrong name of defendant. The defendant, in these cases, of course, had notice of the suit within the statutory period and was not prejudiced by a technical change in the style of the action.

■ The addition or substitution of parties who had no notice of the original action is not allowed. United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co., 6th Cir. 1966, 359 F.2d 521; People of the Living God v. Star Towing Co., Inc., E.D. La.1968, 289 F.Supp. 635; Martz v. Miller Brothers Co., Del.1965, 244 F. Supp. 246; Cone v. Shunka, W.D.Wis. 1966, 40 F.R.D. 12; 1A Barron & Holtzoff, Federal Practice and Procedure, § 451 (Wright ed.). Substitution of a completely new defendant creates a new cause of action. Permitting such procedure would undermine the policy upon which the statute of limitations is based. Professor Moore states the general rule as being that "15(c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the court by the original pleadings whether plaintiff or defendant." 3 Moore Par. 15.15[4.–1], p. 1041. This Circuit has recognized an exception to this rule where the new and old parties have such an identity of interest that it can be assumed that relation back will not prejudice the new defendant. Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co., supra. This exception has been widely accepted by the courts. See, e. g., Marino v. Gotham Chalkboard Mfg. Corp., supra; 3 Moore, Federal Practice and Procedure Par. 15.15[4.–1], p. 1043. In Travelers Indemnity Co. v. United States, this Court permitted a plaintiff who had filed an action against the Travelers Insurance Company to amend his complaint and substitute Travelers Indemnity Company as the defendant. This was because of the identity of interest be-

tween the two insurance companies. Travelers Insurance was the parent company of Travelers Indemnity. The two companies had the same managers and directors, occupied the same office and had supplementing activities. Moreover, Travelers Insurance Company did not suggest that it was not the proper party to be sued until after the period of limitation had run, and after it had filed an answer and bill of particulars.

■ In this case there is no identity of interest between the General Insurance Corporation and the General Insurance Company. They are headquartered in different cities, directed and controlled by different persons and have no supplementing business activities. Furthermore, the General Insurance Corporation did not receive notice of the action until after the period of limitation had run. In United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co., supra, the Sixth Circuit accurately stated the rule applicable here by stating:

"Plaintiff contends that the amendment adding a new party defendant relates back to the date of the filing of the original petition, and therefore brings the new defendant within the one year period of limitation. We do not agree. As a general rule, an amendment pursuant to Rule 15, Federal Rules of Civil Procedure, relates back only to the matters relating to the original parties of the complaint, or to correct a misnomer or a misdescription of defendant, and not to add or substitute a new party defendant. Slater v. Keleket X-Ray Corp., D. C., 172 F.Supp. 715; United States to Use of Pittsburg Planing Mill Co. v. Scheurman, 218 F. 915 (D.C., Idaho, 1914); 3 Moore's Federal Practice, Section 15.15[4.1].

"Plaintiff contends that the proposed amendment is merely to correct a misnomer; that the Plaintiff intended from the beginning to institute

action against the Defendant. We would agree with the contention of Plaintiff if the proposed amendment was merely to correct the name of a party already in court. This is not the situation. The effect of Plaintiff's amendment is to add another party. This establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." 359 F.2d 521, 523.

Although this Court has previously applied the criteria of the 1966 Amendment to Rule 15(c) to actions pending when the 1966 Amendment became effective on July 1, 1966,[1] we need not determine whether Rule 15(c) as amended could be validly applied in this case since the amended Rule 15(c) would not alter the result we reach.[2]

As was said in the Travelers Indemnity Co. case, amendments are to be granted freely as justice requires. Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co., supra, 382 F.2d at 106. But "the rights of the added party likewise cannot be ignored." Travelers, supra at 106. The district court did not commit error when it granted appellee's motion for summary judgment and dismissed appellant's cause of action. The judgment is

Affirmed.

1. Wynne v. United States ex rel. Mid-States Waterproofing Co., 10th Cir. 1967, 382 F.2d 699.

2. Rule 15(c), Federal Rules of Civil Procedure, was amended in 1966 by the addition of a second sentence so that the pertinent part now reads as follows:
"(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the *foregoing provision is satisfied and,*

within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
See Meredith v. United Air Lines, S.D. Calif.1966, 41 F.R.D. 34 for a discussion of the applicability of Rule 15(c), as amended in 1966, to cases in which the action had been filed and the motion to dismiss argued and submitted before the effective date of the 1966 amendment.