**SAN FRANCISCO BAR PILOTS, Lobo, Meyer, Mauldin, Olsen, Larsen, Pederson and Madrid, Plaintiffs-Appellants,**

v.

**The VESSEL PEACOCK, her hull, etc., Fairfield Industries, et al., Defendants-Appellees.**

No. 83–2022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1984.

Decided May 17, 1984.

John E. Droeger, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for plaintiffs-appellants.

R.M. Paetzold, Finan, White & Morrison, San Francisco, Cal., for defendants-appellees.

Before WISDOM,* DUNIWAY, and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

## I. OVERVIEW

Owners and crew of a pilot vessel (PILOTS) appeal a district court judgment awarding an amount for salvage against the charterer of a ship which required PILOTS aid during a storm. PILOTS contend that the valuation method used was erroneous in failing to consider the insured value of the property owned by the charterer on board the ship. PILOTS also contend that the judgment should have included a salvage award for the leased property on board the ship. We affirm the method of valuation utilized for the owned property

*The Honorable John Minor Wisdom, Senior United States Circuit Judge, Fifth Circuit, sitting

and reverse and remand for further consideration of the value of the lessee's interest in the salved leasehold property.

## II. DISCUSSION

An appellate court is, generally speaking, loath to change a salvage award unless it appears to be based on incorrect principles, or upon a misapprehension of the facts, or where it is so grossly excessive or inadequate as to be deemed an abuse of discretion.

3A M. Norris, BENEDICT ON ADMIRALTY § 311 (6th ed. 1980). It is a salvage award based on an arguably incorrect valuation method that is at issue here.

■ An attack on the *basis* of a salvage award, rather than a challenge to the amount of the award, is in the nature of an assertion of an error of law for which a de novo standard of review is appropriate. *See generally, United States v. One Twin Engine Beech Airplane, etc.*, 533 F.2d 1106, 1108 (9th Cir.1976) (trial court's 'conclusions of law' stand or fall according to legal rules). Likewise, the necessity of including a leased property valuation in the salvage award is also a question of law which should be approached from the de novo standard.

### A. *Valuation of Owned Property.*

PILOTS argue that the trial court erred, as a matter of law, in failing to utilize the insured value of the owned property aboard the ship in making its salvage award calculation. We do not agree.

■ The Supreme Court set forth certain guidelines for determining an appropriate salvage award. They are:

(1) the labor expended by the salvors in rendering the salvage services, (2) the promptitude, skill and energy displayed in rendering the service and saving the property, (3) the risk incurred by the salvors in securing the property from its

by designation.

peril, (4) the value of the property saved, (5) the degree of danger from which the property was rescued, and (6) the value of the property employed by the salvors and the danger to which the property was exposed.

*Saint Paul Marine Transp. Corp. v. Cerro Sales Corp.*, 505 F.2d 1115, 1120 (9th Cir.1974) (citing *The Blackwall*, 77 U.S. [10 Wall], 19 L.Ed. 870, 1, 13–14 (1869)). Ordinarily, it is the market value of a property that determines property value for the salvage award. *Nolan v. A.H. Basse Rederiaktieselskab*, 267 F.2d 584, 588 (3d Cir. 1959). Where a property has no demonstrated market value, as here, the court must look to alternative property valuation methods, each with its own particular limitations.

Use of insured values is one alternative which might be incorporated into the analysis. Under this approach, the insured value of the property is utilized as evidence of a factor or circumstance which might be considered in estimating value. *See Compagnie Commerciale de Transport v. Charente S.S. Co.*, 60 F. 921, 923–924 (5th Cir.1893). Difficulties have arisen in using insured values as a method of property valuation. *See, e.g., DiGirolamo v. C. Malone Trucking*, 211 F.Supp. 660 (D.Mass.1962) (vessel deliberately underinsured to reduce salvage award). One commentator who has addressed the matter has suggested that use of insurance values is not the preferred approach in salvage cases, pointing out that "[such values are] not, however, regarded as conclusive evidence of value, nor [do they] have much weight in that respect." M. Norris, *supra*, at § 263.

█ The trial court's use of net book value as the method of valuation was permissible where there is no established market value for a property. *Rand v. Lockwood*, 16 F.2d 757 (4th Cir.1927). *See also*, M. Norris at §§ 259–263. Given the recognized disadvantages in utilizing insurance values of property in determining salvage awards, we cannot say that the trial court erred, as a matter of law, in its choice of valuation method. We have in mind, of course, the fact that the value of the property salved is only one of the six elements that are to be taken into account under the decision of the Supreme Court in *The Blackwall*. Therefore, we affirm the salvage award as to owned property.

## B. *The Leased Property.*

PILOTS also assert that the trial court erred in denying an award for the salvage value of certain equipment on board the vessel which was leased by Fairfield Industries. We agree.

█ It is a well-established rule of American salvage law that anyone who may be liable for the loss of or damage to property is liable for an award for its salvage. *See generally*, M. Norris at § 46; *Tice Towing v. James McWilliams Blue Line*, 51 F.2d 243, 246 (S.D.N.Y.1931), *modified on other grounds*, 57 F.2d 183 (2d Cir.1932). Thus, a bailee of property may be held liable for a salvage award. *The Public Bath No. 13*, 61 F. 692, 693–94 (S.D.N.Y.1894); M. Norris at § 46. Therefore, liability for a salvage award properly extends against one who has a direct pecuniary interest in the property which is the subject of the award. *Id.*

█ It is clear that PILOTS established Fairfield Industries' leasehold interest in certain equipment aboard the vessel. The trial court noted this interest in the property, as well as its net book value to Fairfield, in its findings of fact. Where the existence of a direct pecuniary interest in property has been established, it is error for the trial court to deny a salvage award.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's method of valuation of the owned property and reverse and remand for further consideration of the issue of the salvage award for the leasehold property.

AFFIRMED in part, REVERSED in part, and REMANDED, with costs on appeal to appellants.