Lebowitz et ux., Appellants, *v.* Singer et ux.

Argued December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Jean B. Green,* with her *Andrew L. Braunfeld,* and *Waters, Fleer, Cooper & Gallager,* for appellants.

*Dean B. Stewart, Jr.,* with him *McTighe, Brown, Weiss, Bonner & Stewart,* for appellees.

OPINION BY CERCONE, J., April 3, 1974:

This is an appeal from the lower court's granting of defendants' petition to dismiss plaintiffs' action in trespass on the grounds that the statute of limitations had expired.

The accident in this case occurred on September 28, 1964. Plaintiffs filed a praecipe for writ of summons in September, 1966, reissued it in September, 1968 and again in September, 1970. At no time was the writ

served on defendants. At this point plaintiffs had until September 28, 1972 to reissue the writ in order to continue tolling the statute (Goodrich-Amram, §1007-3 and 1010). On November 24, 1971, prior to the expiration of the time which plaintiffs had to reissue the writ, defendants filed a petition to dismiss plaintiffs' action with prejudice on the ground that the statute of limitations had expired. Plaintiffs answered the petition relating the history of negotiations between the parties, but more important, setting forth their reliance on the defendants' insurance company's assurance that it would not assert the statute of limitations in view of the negotiations. The negotiations had reached a point where the insurance company sent plaintiffs' counsel a check for $6,000 in offer of the settlement of plaintiffs' claim with instructions that the check would be void if not cashed within 90 days. The check was not cashed nor was the case settled or discontinued because plaintiffs' counsel was uncertain about a claim which plaintiffs had against the same insurance company under plaintiffs' own policy for medical payments.

Because the plaintiffs failed to have the writ reissued prior to September 28, 1972, the lower court on May 2, 1973, granted the defendants' petition to dismiss the plaintiffs' action with prejudice.

The lower court was correct in granting defendants' petition to dismiss plaintiffs' action. Ordinarily the defense of the statute of limitations is to be raised as an affirmative defense in a responsive pleading under the heading "new matter." However, as the learned lower court pointed out, there is no complaint in this case to which the defendants can plead. Plaintiffs' other contention that defendants should have proceeded under Pa. R. C. P. 1037 by ruling plaintiffs to file a complaint, or suffer a judgment of "non pros." is also not tenable since this procedure is applicable only where

the writ of summons has been served on the defendants, which did not occur here. *Galbraith v. Gahagen,* 415 Pa. 500 (1964).

Plaintiffs' contention that defendants' assurance that it would not raise the defense of statute of limitations would have some merit perhaps if the record did not refute this very contention. On November 24, 1971, the defendants' insurer filed its petition to dismiss plaintiffs' action on the ground that the statute of limitations had expired. Although defendants' petition, based upon the running of the statute of limitations was erroneous since plaintiffs still had until September 28, 1972, to reissue the writ, the petition did contain two implicit warnings to which plaintiffs' counsel's attention should have been directed: 1. That defendants' insurer was not adherring to any purported agreement not to raise the defense of the statute of limitations, and 2. That plaintiffs' counsel had ten months left to reissue the writ before the time for reissuing expired.

Nevertheless, plaintiffs' counsel allowed ten months to pass without reissuing the writ. Under these circumstances he was in no way misled by any fraud or misrepresentation on the part of defendants' assurance that the statute of limitations would not become an issue between the parties. Plaintiffs' counsel was seriously remiss in his duty to see that the writ was not only issued in time but also served upon the defendants within the 30 day period required by Pa. R. C. P. 1010.

This is one of those unfortunate cases that, after weeks and months of negotiations, the parties have reached a point where they are near to settlement only to have the statute of limitations raised by the defendant thus not only bringing the negotiations to a halt but also terminating the action itself. This situation calls to the attention of lawyers generally, and plain-

tiffs' lawyers particularly, that unless principles of estoppel apply, a statute of limitations is not tolled or made inoperable due merely to a period of negotiations between the parties involved. It is indeed unfortunate that plaintiffs should find themselves without a remedy simply because their attorney, in relying upon the ultimate fruition of the negotiations, has failed to take the simple but necessary steps set forth in Pa. R. C. P. 1007 and 1010.

The order of the lower court is affirmed.