Charles **MERGENTHALER**, et al., Plaintiffs,

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: Dec. 21, 1984.

Decided: July 30, 1985.

---

Thomas C. Crumplar and Douglas B. Canfield of Jacobs & Crumplar, P.A., Wilmington, for plaintiffs.

James W. Semple and Francis J. Jones, Jr., of Morris, James, Hitchens & Williams, C. Scott Reese of Cooch & Taylor, Stuart B. Young of Young, Conaway, Stargatt & Taylor, James T. Perry of Komissaroff & Perry, Warren B. Burt, John C. Phillips, Jr., and George B. Heckler, Jr., of Heckler, Cattie & Phillips, James T. McKinstry of Richards, Layton & Finger, Jeffrey S. Marlin of Tybout, Redfearn, Casarino & Pell, Wilmington, Douglas B. Catts of Schmittinger & Rodriguez, P.A., Dover, Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Roger A. Akin of Sawyer & Akin, P.A., Mary Pat Trostle of Biggs & Battaglia, Richard P.S. Hannum of Prickett, Jones, Elliott, Kristol & Schnee, James F. Kipp of Trzuskowski, Kipp, Kelleher & Pearce, J.R. Julian, Wilmington, for defendants.

POPPITI, Judge.

The matters before the Court are three motions based upon statute of limitations issues in the above-captioned asbestos case. Defendant Raymark Industries, Inc. ("Raymark") moves for judgment on the pleadings and defendants Herty Foundation ("Herty") and Hollingsworth & Vose Co.

("Hollingsworth")[1] move for summary judgment as to plaintiffs John and Anna Fernandez. This is the Court's decision and order on these respective motions.

The essential facts are that on February 6, 1981 the initial complaint in this action was filed by Charles Merganthaler and John B. Fernandez and his wife, Anna Fernandez, against certain companies alleging injuries as a result of their exposure to asbestos. On May 1, 1981, the plaintiffs moved to amend the Complaint to join Sophie Brown (individually and as the executrix of the estate of Reuben Orval Brown) as a plaintiff.[2] The Complaint was further amended a number of times to add defendants, with the Motion to Amend to add Herty and Hollingsworth being filed February 18, 1982 and that to add Raymark being filed July 22, 1983.

Both Raymark and Herty assert statute of limitations defenses, Raymark in the form of a Motion for Judgment on the Pleadings and Herty in the form of a Motion for Summary Judgment. The Court will discuss Raymark's Motion first, followed by a discussion of Herty's Motion which will include further facts pertinent to the Motions of Herty and Hollingsworth only.

*Raymark's Motion*

■ Raymark's Motion for Judgment on the Pleadings asserts that the amendment of the complaint to add Raymark does not relate back to the date of the original complaint and that the addition of Raymark as a defendant more than two years after the filing of the suit is barred by the statute of limitations, 10 *Del.C.* § 8119.[3] Plaintiffs' response to the motion does not address the issue of relation back; rather, it asserts that court-imposed stays tolled the statute of limitations so as to make the filing of suit against Raymark timely. In support of this argument, the factual basis of which is not found in the pleadings, and in support of a second argument that the plaintiffs were unable to discover the identity of Raymark as a defendant due to the recalcitrance of Hercules and Haveg with regard to compliance with discovery requests, the plaintiffs offer evidence outside the pleadings. Because facts and arguments outside the pleadings cannot be considered in a motion for judgment on the pleadings, *Fagnani v. Integrity Finance Corp.*, Del.Super. 167 A.2d 67 (1960); *Super.Ct.R.Civ.P.* 12(c),[4] the Court chooses to exercise its discretion under Rule 12(c) to consider this matter as a motion for summary judgment.[5] Accordingly, summary

1. Hollingsworth relies on the briefs filed by Herty with regard to its Motion for Summary Judgment against John and Anna Fernandez. The Court's discussion, although phrased in terms of Herty's position, also encompasses and decides Hollingsworth's Motion.

2. The filing, as worded, consisted of the original plaintiffs' motion to amend the complaint and Sophie Brown's motion to intervene.

3. 10 *Del.C.* § 8119 provides in pertinent part:
 No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained....

4. *Super.Ct.R.Civ.P.* 12(c) provides:
 After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a

motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

5. The Court notes that this case does not follow the usual pattern for Rule 12(c) motions which are treated as summary judgment motions; that is, where the movant presents supporting affidavits. In this case the matters outside the pleadings are submitted by the non-moving party and consist of correspondence between the parties (i.e., six letters), a Motion to Compel filed earlier in the litigation, and the Order which resulted from that Motion. Rule 12(c), however, refers only to "matters outside the pleadings" and does not limit their presentation to the moving party. Moreover, the matters asserted by the plaintiffs are not disputed by Raymark. The

judgment will be granted Raymark only if, upon viewing the evidence in the light most favorable to the plaintiffs, the Court concludes that there are no material issues of fact and that Raymark is entitled to summary judgment as a matter of law. *Moore v. Sizemore,* Del.Supr., 405 A.2d 679 (1979); *Bradford, Inc. v. Travelers Indemnity Co.,* Del.Super., 301 A.2d 519 (1972).

■ Raymark asserts initially that the plaintiffs' amendment of the complaint to add it as a defendant does not relate back to the date of the original pleading, a position with which the Court agrees. *Super. Ct.R.Civ.P.* 15(c),[6] which permits the relation back of amendments to pleadings under limited circumstances, applies to changed parties but not to added parties unless requirements of notice and identity of interest are met. *See* Rule 15(c)(1) and (2); *Peeke v. Penn Central Transportation Co.,* 403 F.Supp. 70 (E.D.Pa.1975), *aff'd,* 538 F.2d 318 (3d Cir.1976); *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973); *Graves v. General Insurance Corp.,* 412 F.2d 583 (10th Cir.1969) (construing F.R.C.P. 15(c)). Plaintiffs have made no argument, nor does the record reflect, that the requisite notice and identity of interest are present in the instant case. The Court holds, therefore, in accordance with *Graves, supra,* that the addition of Raymark in the instant case creates a new cause of action, a situation which is not within the contemplation of the Rule 15(c) policy to allow the substitution or changing of parties to correct a misnomer or change the capacity of a party in the litigation.

■ Raymark's second assertion is that the addition of it as a defendant more than two years after the filing of the original complaint,[7] and absent relation back of the amendment, is barred by the statute of limitations. Plaintiffs' response consists of two arguments. The first is that plaintiffs were delayed in discovering from Hercules and Haveg the identity of the manufacturers of the asbestos-containing products which allegedly caused the plaintiffs' injuries. The Court, however, does not recognize mere delay in obtaining discovery, or even the necessity of resorting to a motion to compel discovery, as circumstances which would toll the statute of limitations. Fraudulent concealment of a cause of action suffices to toll the statute of limitations, *Shockley v. Dyer,* Del.Supr., 456 A.2d 798 (1983), but plaintiffs do not allege

Court is satisfied that Raymark had a reasonable opportunity to respond to the assertions of the plaintiffs and to present all material pertinent to a summary judgment motion, and that it did so in its reply brief. Accordingly, Raymark's motion is treated as one for summary judgment. *See Lee v. Minnock,* 417 F.Supp. 436 (D.C.Pa.1976); *aff'd,* 556 F.2d 567 (3d Cir.1977); *Hackensack Water Co. v. North Bergen Tp.,* 103 F.Supp. 133 (D.C.N.J.), *aff'd,* 200 F.2d 313 (3d Cir.1952); 5 Wright & Miller, *Federal Practice and Procedure* § 1371 (1969).

**6.** Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**7.** In the absence of evidence of record regarding when the statute of limitations began to run on the plaintiffs' claims, and viewing the evidence in the light most favorable to the plaintiffs for purposes of this summary judgment motion, the Court considers the date of the original filing as the date on which the plaintiffs' cause of action arose. *See Moore v. Sizemore, supra.*

fraudulent concealment on the part of either Raymark or Hercules and Haveg.[8]

Plaintiffs' second argument in response to Raymark's statute of limitations defense is that court-imposed stays prevented the plaintiffs from discovering the identity of Raymark, an otherwise unknowable defendant, and therefore the statute of limitations should be tolled as to Raymark for the periods during which the stays were in effect. The stays in question are a Protective Order staying discovery against Hercules and Haveg which was imposed by Judge Walsh from June 5, 1981 to February 19, 1982 [9] and a temporary stay of all asbestos proceedings ordered by Judge Walsh from September 9, 1982 to December 3, 1982 as a result of motions filed by Keene Corporation and Gale Corporation to determine the scope of the automatic stay entered in the bankruptcy of the Johns-Manville Corporation.[10]

8. Furthermore, the delay of which plaintiffs complain is attributed to Hercules and Haveg, which are third parties in this matter, and it is questionable whether fraudulent concealment on the part of a third party, can toll the statute of limitations. *See* 51 Am.Jur.2d *Limitations of Actions* § 150 (1970) and cases cited therein.

9. *Merganthaler v. Asbestos Corp. of America, Inc.,* Del.Super., C.A. No. 81C–FE–27, Walsh, J. (June 5, 1981) (ORDER) states in pertinent part: [D]efendants' Hercules and Haveg's Motion for a Protective Order is granted, and that any and all discovery against them be stayed until the decision in *Kofron v. Amoco* is rendered.

10. *Merganthaler v. Asbestos Corp of America, Inc.,* Del.Super., C.A. No. 81C–FE–27, Walsh, J. (September 9, 1982) (ORDER) and (December 3, 1982) (letter opinion).
 The following chronology demonstrates that (1) with respect to plaintiffs Merganthaler, John Fernandez and Anna Fernandez, unless the statute of limitations was tolled during at least the period of the stay in discovery against Hercules and Haveg, plaintiffs' amendment of the complaint to add Raymark indeed was filed more than two years after the original complaint; and (2) with respect to plaintiff Brown, if the statute of limitations was tolled during either period of court-imposed stay, the addition of Raymark as a defendant was timely.

Complaint filed:
 2/6/81 Complaint filed by plaintiffs Merganthaler, Fernandez et ux.
 5/1/81 Intervention of plaintiff Brown.

The argument that the statute of limitations should not commence in asbestos litigation until the identity of defendant manufacturers is known to the plaintiff has been rejected in other jurisdictions, *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984); *Jarusewicz v. Johns-Manville Products Corp.,* 188 N.J.Super. 638, 458 A.2d 156 (1983); *Staiano v. Johns-Manville Sales Corp.,* 304 Pa.Super. 280, 450 A.2d 681 (1982); *see also Thomas v. Ferndale Laboratories,* Mich.Ct.App., 97 Mich.App. 718, 296 N.W.2d 160 (1980) (so holding in a DES case), but the narrower question of whether a court-imposed stay tolls the statute of limitations where it prevents a plaintiff from discovering the identity of an otherwise unknowable defendant is a question of first impression to this Court and others.

Statutes of limitations are not generally susceptible to judicial construc-

Complaint filed:

 118 unstayed days for plaintiffs Merganthaler, Fernandez et ux from 2/7/81 through 6/4/81.
 34 unstayed days for plaintiff Brown from 5/2/81 through 6/4/81.

Stay in discovery:
 6/5/81 Stay imposed.
 2/19/82 Stay lifted.

 (260 days stayed from 6/5/81 through 2/19/82)
 201 unstayed days from 2/20/82 through 9/8/82.

Stay in all proceedings:
 9/9/82 Stay imposed.
 12/3/82 Stay vacated.

 (86 days stayed from 9/9/82 through 12/3/82)
 231 unstayed days from 12/4/82 through 7/22/83.

Raymark added:
 7/22/83 Motion to amend complaint.

| | Plaintiffs Merganthaler, Fernandez et ux. | Plaintiff Brown |
|---|---|---|
| Total of days unstayed: | 550 | 465 |
| If statute is not tolled during stay in discovery, total of unstayed days: | 810 (over 2 yr. limit) | 726 |
| If statute is not tolled during stay in all proceedings, total of unstayed days: | 636 | 552 |
| If statute is not tolled during either stay, total of unstayed days: | 896 (over 2 yr. limit) | 812 (over 2 yr. limit) |

tion where they are unambiguous, *Hurwitch v. Adams*, Del.Supr., 155 A.2d 591 (1959), and courts will not create exceptions to the continuous running of the statute in the absence of express statutory language.[11] *Hurwitch, supra; Lewis v. Pawnee Bill's Wild West Co.*, Del.Supr., 66 A. 471 (1907). A line of cases, however, has recognized that where a paramount authority prevents the exercise of a legal remedy, the statute of limitations is tolled. *Braun v. Sauerwein*, 10 Wall 218, 19 L.Ed. 895 (1870).

In *Braun*, a taxpayer sought to recover money collected from him by the Collector of Internal Revenue, yet was prevented from bringing suit within the period of limitations by an act of Congress which precluded the filing of suit until an appeal was made to the Commissioner of Internal Revenue and a decision rendered by the Commissioner. The Supreme Court held that:

> the creditor has been disabled to sue, by a superior power, without any default of his own and, therefore, that none of the reasons which induced the enactment of the statutes apply to his case; that unless the statutes cease to run during the continuance of the supervening disability, he is deprived of a portion of the time within which the law contemplated he might sue.

It seems, therefore, to be established, that the running of a Statute of Limitations may be suspended by causes not mentioned in the statute itself.

*Braun, supra* at 222–223. The Court also noted that a similar rationale had been applied by it in *Hanger v. Abbott*, 6 Wall (U.S.) 532, 18 L.Ed. 939 (1868), where the running of the statute of limitations was suspended during the Civil War for the time period during which the courts of the states were closed by the war.

Continuing this line of logic are cases in which the statute of limitations was tolled by the pendency of other legal proceedings which prevented a plaintiff from exercising his legal rights, *Weisz v. Spindletop Oil & Gas Co.*, Tex.App., 664 S.W.2d 423 (1983), by internal administrative procedures which frustrated compliance with statutory deadlines, *Ortiz v. Clarence H. Hackett, Inc.*, 581 F.Supp. 1258 (N.D.Ill.1984) (where a plaintiff petitioned to proceed in *forma pauperis*, the running of the statute was suspended during the time period in which the decision on the petition was pending), and by emergencies such as a flood which caused the closing of the court clerk's office. *Wagner v. New York, Ontario & Western Railway*, 146 F.Supp. 926 (M.D. Pa.1956). Likewise, the statute of limitations was tolled during the period in which a member of the legislature, against whom the plaintiff wished to bring a cause of action, was immune from service. *Seamans v. Walgren*, Wash.Supr., 82 Wash.2d 771, 514 P.2d 166 (1973).

■ Furthermore, the period of limitations may be tolled by supervening circum-

---

**11.** Examples of express statutory exceptions which toll the limitations period are found in savings statutes for conditions such as infancy and incapacity, *see, e.g.,* 10 *Del.C.* § 8116, and the absence of a defendant from the jurisdiction. *See, e.g.,* 10 *Del.C.* § 8117. A development along these lines is the fictitious name practice, which enables a plaintiff to preserve the right to later name a defendant not known at the time of filing by including "John Doe" as a defendant is the original complaint. Plaintiffs urge that the statute of limitations should be tolled until the identity of the defendant in known to them since Delaware has no such provision. The Court rejects this argument, however, as it would engraft upon the statute of limitations an exception which should emanate only from the legislature. The Court further notes in this regard that even in jurisdictions which permit a fictitious name practice it is not universally held that the statute of limitations is tolled until the true identity of the defendant is discovered or that Rule 15(c) operates to permit the relation back of an amended complaint. *See Cathcart, supra* 471 A.2d at 501; *Fazzalare v. Desa Industries, Inc.*, Mich.App., 135 Mich.App. 1, 351 N.W.2d 886 (1984); and compare *Jarusewicz, supra, with Britt v. Arvanitis*, 590 F.2d 57 (3d Cir.1978) (applying New Jersey law in a diversity action).

stances which prevent the filing of suit such as imprisonment, new legislation, and duress. *See generally Walko Corp. v. Burger Chef Systems, Inc.*, 554 F.2d 1165, 1170 n. 39 (D.C.Cir.1977). In *Ross v. U.S.*, 574 F.Supp. 536, 542 (S.D.N.Y.1983), a prisoner's fear of filing suit against the warden of the institution where he was incarcerated was held to constitute duress which suspended the running of the limitations period, as was the direct action of a jailor who prevented suit from being filed against himself. *Davis v. Wilson*, 349 F.Supp. 905 (E.D.Tenn.), *aff'd*, 471 F.2d 653 (6th Cir.1972).

Finally, in *Application of U.S. Authorizing Interception of Wire Communications*, 413 F.Supp. 1321 (E.D.Pa.1976), the district Court held that the statute of limitations was tolled where a potential plaintiff was prevented from bringing a civil suit for illegal electronic surveillance because the government, claiming a need for secrecy, would not provide him with the information necessary to bring the claim. The court held that the plaintiff's interest in obtaining the wiretap material at that time was outweighed by the possible prejudice its release would cause to a grand jury investigation, but that as a consequence the statute of limitations would be tolled for the plaintiff. The court held:

> It would be manifestly unjust to hold that the clock is running on movant's cause of action during a period when this court and the Government have prevented him from obtaining the information necessary to bring that claim. We do not believe that it was the intent of Congress ... to fashion this type of draconian legislation. To hold that the limitations period is running on any potential civil claim during the period when a prospective claimant is prevented by court order from discovering the wiretap materials he needs in order to pursue such a

claim would produce just such a result. Specifically, movant, in the case at bar, may rely upon our decision that the statute of limitations must and will be suspended as to any civil cause of action he may have under this Act until such time as he is able to obtain the information necessary to ascertain the viability of civil suit under [the Act].

*Application of U.S., supra* at 1335. *See also Ostrer v. Aronwald*, 434 F.Supp. 379, 389 (S.D.N.Y.), *aff'd*, 567 F.2d 551 (2d Cir. 1977) (following *Application of U.S.*). The Court finds this rationale both persuasive and applicable by analogy to the instant case.

The Delaware Supreme Court has implicitly recognized that the statute of limitations may be tolled by causes not mentioned in the original statute. Indeed, the rationale behind the savings statute was expressed as follows:

> [T]he Delaware statute of limitations runs continuously without interruption when there is available to the plaintiff through the period an acceptable means of bringing the defendant into court.

*Hurwitch, supra* 155 A.2d at 594. Thus the Court remanded a case, where the defendant had given an out-of-state address, to see if the plaintiff in due diligence could have discovered that the defendant was in the state.[12] *Walls v. Abdel-Malik*, Del. Supr., 440 A.2d 992 (1982); *see also Russell v. Olmedo*, Del.Supr., 275 A.2d 249 (1971). This requirement of due diligence has been applied in an asbestos context in *Cathcart, supra* 471 A.2d at 501, where the Pennsylvania Superior Court held that the plaintiffs by using reasonable diligence could have determined the names of the parties that had provided asbestos to the relevant locations.

 The Court is satisfied that, given the inherent power of the Court to engraft

---

**12.** The requirement of due diligence also figures in cases relying on fraudulent concealment as tolling the statute of limitations. *See Shockley, supra,* and discussion at p. 5.

implied exceptions upon the statute of limitations where the legislative purpose of the statute is not contravened, *see Braun, supra,* 10 Wall (U.S.) at 222–223, and given the persuasive logic of *Application of U.S., supra,* in a context in which a court order forestalled an individual's attempt to ascertain the viability of a civil suit, a court-imposed stay will result in a tolling of the statute of limitations where it prevents a plaintiff from discovering the identity of an otherwise unknowable defendant. The Court notes, however, that there are two elements to this holding; namely, that the action of the court itself prevent the exercise of the legal remedy, *see Braun, supra,* and that the identity of the defendant be undiscoverable except through actions which are prevented by the court. The latter condition necessarily implies due diligence on the part of the plaintiff.[13] *See Walls, supra; Hurwitch, supra.*

In the case at bar, the court-imposed stay of all asbestos proceedings from September 9 to December 3, 1982 certainly would prevent the amendment of a complaint to add another defendant during that time period. Moreover, both the stay of all proceedings and the stay of discovery against Hercules and Haveg from June 5, 1981 to February 19, 1982 would hinder discovery of the identity of a manufacturer of asbestos-containing materials. Plaintiffs, however, have not developed any record whatsoever supporting the proposition that the court-imposed stays prevented their discovery of the identity of Raymark as a defendant. In this regard plaintiffs have submitted no affidavits in support of their allegation that Raymark's identity was unknowable except through discovery, nor has Raymark offered evidence of record that plaintiffs could have discovered the identity of Raymark as a defendant through other means, such as discovery in this or other litigation against parties other than Hercules or Haveg, or through investigatory routes outside of discovery such as seeking out persons no longer associated with Hercules or Haveg who might have the information needed by the plaintiffs.

The Court, therefore, is precluded from ruling on Raymark's summary judgment motion on legal grounds by the presence of a material issue of fact; that is, whether or not the plaintiffs could have discovered the identity of Raymark as a defendant in the instant litigation by means other than discovery against Hercules and Haveg or by means other than court-sanctioned discovery. Having established the legal grounds for a ruling once this issue of fact is resolved, and desirous of advancing the asbestos litigation, the Court hereby orders that this matter be set for an evidentiary hearing at which the sole issue before the jury is the issue of fact set out hereinabove. All interested counsel shall be prepared to select a date for this hearing and to discuss related matters at the August 30, 1985 Omnibus hearing.

*Herty's Motion*

Herty and Hollingsworth move for summary judgment as to plaintiffs John and Anna Fernandez[14] based upon a statute of limitations defense. Additional facts necessary to the Court's consideration of this motion are that plaintiff John Fernandez testified by deposition that he was told he had asbestosis by Dr. Hofford in 1979 (Deposition of John Fernandez, March 16, 1983, p. 128) and he entered into an

---

**13.** Under the Court's holding the statute of limitations is not tolled due to lack of knowledge alone, *see Walters v. Ditzler,* Pa.Supr., 424 Pa. 445, 227 A.2d 833 (1967), nor due to the fact that the parties are engaged in a period of negotiations. *Lebowitz v. Singer,* Pa.Super., 227 Pa.Super. 275, 323 A.2d 824 (1974). Accordingly, the Court does not recognize the difficulties between the parties in the instant case with regard to compliance with discovery as circumstances which toll the statute of limitations. *See* supra p. 5.

**14.** The claim of Anna Fernandez, wife of John Fernandez, is derivative.

"Agreement as to Compensation" before the Industrial Accident Board on August 22, 1979 in which he agreed to receive compensation for "Bronchial Asthma-Asbestosis" caused by "Alleged exposure to asbestos. Employee acknowledges prior employment exposure to asbestos." Further, plaintiffs' counsel received a letter from counsel for Hercules on November 25, 1981 which stated as follows:

I have recently received additional records regarding asbestos suppliers. When we originally searched the files for information regarding asbestos suppliers, the information provided to us by our clients was limited to raw asbestos. This was a misunderstanding between our clients and ourselves. I have now learned that there were also suppliers of asbestos papers. This information is available in my office for your review.

Letter from Mary Pat Trostle to Robert Jacobs, dated November 23, 1981, marked received November 25, 1981. Herty is alleged to be a supplier of asbestos-containing paper whose identity as a defendant was not discovered until the plaintiffs received the records referred to by Hercules' counsel in the quoted letter.[15]

The parties' positions in this motion for summary judgment roughly parallel those expressed by Raymark and the plaintiffs in the motion discussed *supra.* Herty's Motion is based upon arguments that John Fernandez' cause of action accrued, at the latest, on August 22, 1979, the date of the Agreement as to Compensation; that more than two years passed from that date until Herty was added as a defendant (on Febru-

ary 18, 1982); and that the amendment to the complaint to add Herty does not relate back to the date of filing of the original complaint. The plaintiffs' response does not address the relation back issue; rather, it asserts that the stay in discovery from June 5, 1981 through February 19, 1982 prevented the plaintiffs from ascertaining the identity of Herty as a defendant and therefore the statute of limitations should be tolled for that time period.[16]

▮▮▮▮ The Court is satisfied that the amendment of the complaint which added Herty as a defendant does not relate back to the date the original complaint was filed, based upon the rationale expressed at pp. 3 and 4 of this opinion with regard to the addition of Raymark as a defendant in this case. Moreover, the Court holds that John Fernandez was chargeable with knowledge that his physical condition was attributable to asbestos exposure as of August 22, 1982, when he entered into the Agreement as to Compensation. The statute of limitations therefore began running on the claims of John and Anna Fernandez at that time. *Bendix Corp. v. Stagg,* Del.Supr., 486 A.2d 1150 (1984); *Sheppard v. A.C. & S. Co.,* Del.Super., 498 A.2d 1126 (1985).

▮▮▮ Plaintiffs' motion to amend their complaint to add Herty was made more than two years after August 22, 1982; however, plaintiffs argue that the court-imposed stay in discovery tolled the statute of limitations for the period the stay was in effect, the gravamen of their position being that the court-imposed stay prevented them from ascertaining the identity of Herty as

---

**15.** Herty offers affidavits of two Directors of Herty, William L. Belvin (Director from April 1, 1956 to July 1, 1980) and J. Robert Hart (Director from July 1, 1980 to present), both of which state that Herty did not receive notice of the plaintiffs' claim against it until a summons and complaint were served on it on April 1, 1982, 42 days after plaintiffs moved to add Herty as a defendant. The Court's decision is reached, however, based upon the date of the plaintiffs' motion, February 18, 1982; and since

the ruling would not be affected by taking into account the date of service of the complaint, that issue is not considered by the Court.

**16.** Herty was added as a defendant on February 18, 1982; hence, the court-imposed stay of all proceedings from September 9, 1982 through December 3, 1982 is not pertinent to the instant motion.

a defendant. Indeed, the Court held with regard to Raymark's motion, discussed *supra*, that a court-imposed stay will result in a tolling of the statute of limitations where it prevents a plaintiff from discovering the identity of an otherwise unknowable defendant. Under the facts pertinent to the instant motion, however, plaintiffs could have been prevented from discovering the identity of Herty as a defendant only for the time period prior to November 25, 1981, for on that day Hercules offered them access to the information which resulted in the identification of Herty.[17] The Court holds, therefore, that the statute of limitations was not tolled after November 25, 1981 since plaintiffs, despite the ongoing, court-imposed stay, had access to that information which ultimately led them to add Herty to their suit as a defendant.

A computation of time periods reveals that 647 days elapsed from the time the original complaint was filed until the stay in discovery was imposed.[18] From November 25, 1981, when the limitations period resumed, until February 18, 1982, when plaintiffs moved to amend the complaint to add Herty, 86 days elapsed. The total of un-stayed time is therefore 733 days, which puts plaintiffs' motion to amend their complaint beyond the two-year statute of limitations. The addition of Herty as a defendant was not timely made and therefore the claims of John and Anna Fernandez against Herty are time-barred.

In accordance with the foregoing discussion, defendant Raymark Industries, Inc.'s Motion for Summary Judgment is hereby denied; and the motions for Summary Judgment as to John and Anna Fernandez by Herty Foundation and Hollingsworth & Vose Co. are hereby granted. IT IS SO ORDERED.

---

17. As with Raymark's Motion for Summary Judgment decided *supra,* the record before the Court does not contain evidence that other avenues of inquiry were available to the plaintiffs which would furnish them with the information necessary to ascertain the viability of a claim against Herty. In view of the Court's holding, however, with respect to the effect upon the tolling of the statute of limitations of the letter of Hercules' counsel, this does not present an issue of fact in the instant motion which would preclude a ruling by the Court as a matter of law. *Moore v. Sizemore, supra.*

18. The day the stay was imposed is not included in this total. Herty counts 646 days, however, the Court counts 366 days in 1980, a leap year. In any event, and without delving into the issue of the computation of time periods, the one-day discrepancy is not decisive here. Regardless of whether a two-year limitations period is computed as 730 or 731 days, plaintiffs amendment of their complaint is untimely.