# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIFFANY R. LEWIS, Individually and as the Parent and Natural Guardian of TYRA CURTIS, a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N13C-10-175 RRC |
| A. DIANE McCRACKEN, M.D. and ALL ABOUT WOMEN OF CHRISTIANA CARE, INC. | ) ) ) ) | |
| Defendants. | ) | |

Submitted: April 27, 2017
Decided: July 5, 2017

On Plaintiffs' Application to "[Discuss with the Jury at the Retrial of this Case] Defendant All About Women of Christiana Care, Inc.'s Breach of the Applicable Standard of Care by Its Midwife Employee During the Delivery of Tyra Curtis."
**DENIED.**

# MEMORANDUM OPINION

Bruce L. Hudson, Esquire and Ben T. Castle, Esquire, Hudson & Castle Law, LLC, Wilmington, Delaware, Attorneys for Plaintiffs.

Gregory S. McKee, Esquire, Wharton Levin Ehrmantraut & Klein P.A., Wilmington, Delaware; and David Batten, Esquire and Ryan Bakelaar, Esquire, Batten Lee, PLLC, Raleigh, North Carolina, Attorneys for Defendants.

COOCH, R.J.

1

# I. INTRODUCTION

Pending before the Court is Plaintiffs' application to "discuss" a new theory of negligence against Defendant All About Women of Christiana Care, Inc. ("AAW") with the jury. Plaintiffs contend that during the first trial of this action, evidence was unexpectedly produced during cross-examination of Defendants' expert that a nurse in the delivery room gave an improper instruction to the mother to "push" that fell below the standard of care. Plaintiffs now wish to assert this new claim of negligence directly against AAW, alleging that it is responsible for the supposed negligent act(s) of its employee, despite the fact agreed to by all parties that the statute of limitations in this case has expired as to the nurse employee.

Accordingly, the Court must decide whether Plaintiffs may present a new theory of direct (rather than vicarious) liability to the jury against AAW for the allegedly wrongful acts of its employee Claire Szymanski ("Nurse Szymanski") when the statute of limitations applicable to Nurse Szymanski's alleged negligent act has now otherwise concededly expired. The Court finds that such a claim is not a direct claim against AAW, but rather at bottom a claim that AAW is vicariously liable for the allegedly negligent acts of Nurse Szymanski. As the statute of limitations on Nurse Szymanski's alleged negligence has expired, no claim of vicarious liability can exist against AAW for Nurse Szymanski's alleged negligence. Accordingly, Plaintiffs' application is **DENIED.**

# II. FACTS AND PROCEDURAL HISTORY[1]

The detailed facts underlying this dispute were set forth in this Court's earlier decision on Defendants' "Motion in Limine to Preclude Testimony by Marc Engelbert, M.D.," Plaintiffs' expert witness on the standard of care and causation:

> This is a medical negligence case in which Plaintiffs allege that Defendant Dr. A. Diane McCracken, Plaintiff's obstetrician, caused Plaintiff Tiffany Lewis's daughter, Tyra, to suffer permanent brachial

---

[1] As Plaintiff's Motion relates to Nurse Szymanski's alleged actions and testimony and Dr. Ouzounian's testimony, these facts and procedural history focus on the facts relevant to those individuals' testimonies. This factual background is not a complete background of all that occurred at trial.

plexus palsy (a/k/a Erb's Palsy) during childbirth. Erb's Palsy is a medical disorder in which the brachial plexus nerve—located near the shoulder—is stretched and/or torn, causing impaired neurological function of the corresponding arm. While delivering Tyra, Dr. McCracken determined that, after delivering Tyra's head, the delivery of her left shoulder was impeded by her mother's pubic bone, a medical condition known as "shoulder dystocia." Upon making this determination, Plaintiff alleges that Dr. McCracken pulled on the baby's head in an attempt to deliver the shoulder, an obstetric maneuver known as applying "traction."

Following her birth, Tyra was diagnosed with permanent Erb's Palsy. Plaintiff subsequently filed suit against Dr. McCracken and the various organizations to which she belonged in her capacity as an obstetrician and gynecologist.[2]

Plaintiffs, for reasons not clear to the Court, did not depose Nurse Szymanski until November 9, 2016, five days before the trial began. However, Plaintiffs had been aware that a nurse midwife was present in the delivery room by, at the latest, the date of Dr. McCracken's deposition on January 27, 2016. Nevertheless, Plaintiffs did not ask for the name of the nurse midwife during Dr. McCracken's deposition, nor did they seek to depose Nurse Szymanski until November 3, 2016. When Plaintiffs did depose Nurse Szymanski, Nurse Szymanski testified that Tiffany was given an instruction to "push" after the shoulder dystocia was diagnosed.[3] However, Plaintiffs made no effort to develop this possible theory of negligence prior to trial, nor did they bring this matter to the Court's attention before the trial began on November 14, 2016 (the jury was selected on November 9).

During the presentation of Defendants' case-in-chief at trial, Defendants called (among other witnesses) Nurse Szymanski as a fact witness and Dr. Joseph Ouzounian, M.D. as an expert on the standard of care and causation in this case. Nurse Szymanski was the first of the two to testify. During her cross-examination

---

[2] *Lewis v. McCracken*, 2016 WL 6651417, at *1 (Del. Super. Nov. 7, 2016) (holding that Plaintiff's expert's testimony on standard of care and causation was admissible, as it satisfied the requirements of D.R.E. 702).

[3] Testimony of Clare Szymanski, *Lewis v. McCracken*, N16C-10-175 RRC, at 37 (Del. Super. Nov. 17, 2016) (TRANSCRIPT).

by Plaintiffs' counsel, Nurse Szymanski stated that, upon realizing in the delivery room that Tyra's shoulder was impacted against Tiffany's pubic bone (the "turtle sign"), she instructed Tiffany to push.[4]

Dr. Ouzounian, whom Plaintiffs elected not to depose prior to trial, then volunteered a somewhat equivocal opinion regarding the applicable standard of care upon encountering the turtle sign:[5]

> We generally teach [the mom to stop pushing after the shoulder dystocia is diagnosed]. Not because it would cause any degree of harm necessarily, but it certainly doesn't help. You say stop pushing and let me go on to my next maneuver and you can push again.
> . . .
> [O]nce the shoulder is stuck, you want to go to the maneuver to try and free it up. If it's still stuck and you tell her to keep pushing, first of all, it's not going to help; and second of all, there is a potential for more injury.[6]

In response to Plaintiffs' counsel's question about whether it "would be beneath the standard of care to tell the mother to keep pushing once the shoulder dystocia is [diagnosed]," Dr. Ouzounian again somewhat equivocally replied, "Yes, it could be."[7] In response to a later, similar, question from Plaintiffs' counsel, Dr. Ouzounian stated that "generally . . . once the shoulder is stuck or in between the maneuvers, it's better, preferable, to have her not push."[8] Dr. Ouzounian was not asked, and did not testify on, whether such an instruction was a proximate cause of Tyra's injuries.

---

[4] *Id.* at 38.

[5] Defendants assert that whatever Dr. Ouzounian testified about any possible breach of the standard of care, he was not asked about any opinion about proximate causation. Moreover, the Court notes that Dr. Ouzounian's comments regarding Nurse Szymanski's allegedly improper instruction is based on possibilities ("it *could* be") and preferences ("it's better, *preferable*, to have her not push"), and does not state an opinion on a breach of the standard of care that meets the required standard of " reasonable medical probability."

[6] Testimony of Joseph Ouzounian, M.D., *Lewis v. McCracken*, N16C-10-175 RRC, at 112-13 (Del. Super. Nov. 18, 2017) (TRANSCRIPT).

[7] *Id.* at 114.

[8] *Id.* at 138.

The case was submitted to the jury on Monday, November 21. During deliberations, the jury sent a note to the Court that read: "Is Dr. McCracken liable for the actions of the employees of All About Women who were in the delivery room?"[9]  Although Plaintiffs only claim at trial was that Dr. McCracken negligently applied excessive lateral traction to Tyra's head, and that AAW was vicariously liable for Dr. McCracken's alleged negligence, Plaintiffs argued in connection with the jury's note that, for the first time at that juncture, the jury could potentially find Dr. McCracken liable for the acts of the other staff in the delivery room. The Court ruled, while the jury was still deliberating, that Plaintiff could not make a new claim of negligence at that stage of the proceedings, and then instructed the jury that it could not find Dr. McCracken liable for the acts of the AAW staff in the delivery room at the time of Tyra's birth. On November 22, a mistrial was declared as a result of a hung jury.

On December 28, 2016, the Court held a scheduling conference to set a new trial date. The new trial date was set for November 16, 2017. Additionally, at that conference, Plaintiffs' counsel made a request to argue a new direct claim of negligence against AAW during the second trial. The Court afforded Plaintiffs an opportunity to make such a motion, and set January 11, 2017 as a deadline for "Motions to Add a Party or to Amend a Pleading."[10]

On January 10, 2017, Plaintiffs filed a letter memorandum in which they made an application to "[discuss] All About Women of Christiana Care, Inc.'s breach of the applicable standard of care by its midwife employee during the delivery of Tyra Curtis . . . with the jury."[11]  This is the first time in the present litigation (other than during jury deliberations) that Plaintiffs have sought to maintain a direct claim against AAW.

---

[9] Jury Note, Court Exhibit C, *Lewis v. McCracken*, N16C-10-175 RRC (Del. Super. Nov. 22, 2016).

[10] Amended Trial Scheduling Order, *Lewis v. McCracken*, N13C-10-175 RRC (Del. Super. Dec. 28, 2016) (ORDER).

[11] Plaintiff's Letter Memorandum, *Lewis v. McCracken*, N13C-10-175 RRC (Del. Super. Jan. 10, 2017).

## III. PARTIES' CONTENTIONS

### A. *Plaintiffs' Contentions*

Plaintiffs assert that this application is evidentiary in nature, and contend that they should be permitted to "discuss" this new theory of negligence with the jury because it is this theory that arose during the presentation of Defendants' case-in-chief. In support of this contention, Plaintiffs argue that their "only request is that they are allowed to argue the Defendants' own evidence to the jury. . . . Research has failed to disclose a single instance in which one party to litigation has not been allowed to use the adversary's damaging evidence against itself." Plaintiffs contend that they are not attempting to add a new party or amend a pleading, as their Complaint generally claimed that AAW was negligent through its employees.[12] Citing Superior Court Civil Rule 16(e), Plaintiffs further argue that new evidence of Nurse Szymanski's allegedly improper instruction should be allowed in the retrial of this case to prevent "manifest injustice."

### B. *Defendants' Contentions*

Defendants raise four arguments against the allowance of Plaintiffs' new theory of liability to the jury. First, Defendants claim that Plaintiffs' new claim is time barred by the two-year statute of limitations: "If this new theory of liability were to be allowed, it would, in essence, bring a direct claim against the corporate Defendant [AAW] for the first time (since Ms. Szymanski could not be added after the statute of limitations has expired."[13] "Whether adding a new party or adding a new claim of negligence, Plaintiff is barred from doing so under 18 *Del. C.* § 6856."[14]

Second, Defendants contend that "[e]ven if allowable as an evidentiary matter which would not fall under the statute of limitations, the law of the case doctrine governs this issue."[15] Defendants further contend that "Plaintiff's current request was subsumed within this Court's . . . consideration of Plaintiff's

---

[12] Compl. ¶ 22.
[13] Def.'s Resp. at 6.
[14] *Id.*
[15] *Id.*

6

application to add an additional basis for liability during the first trial" after receiving the jury's note asking about liability.[16]

Third, Defendants assert that Courts generally "disfavor the allowance of new issues/evidence at a subsequent proceeding."[17] Defendants rely on a case from the United States District Court for the District of Delaware (albeit applying federal law) which provided that "the [District] Court has expressed its view that a retrial should not involve the addition of new issues, evidence or witnesses. Like the grant of a new trial under Rule 59," Defendants argue, "a retrial is not meant to provide the plaintiff with an opportunity to improve his or her case."[18]

Fourth, Defendants claim that the evidence Plaintiffs wish to "discuss" with the jury is not relevant to their theory of negligence under Delaware Rules of Evidence 401 and 403. In support of this contention, Defendants argue that "Plaintiff's own causation theory rests on the assertion that exogenous (external) forces were the cause of the injury and that there is no evidentiary support for the fact that endogenous (internal) forces can cause this injury." Additionally, Defendants contend that if the court permits Plaintiffs to present this new theory of negligence at the retrial, "Defendants would need to re-depose Plaintiffs' experts. Defendants experts would also need to respond to these new allegations and, based on Plaintiffs' new theory, Defendants may even need to identify new experts to parse out the amount of force of each endogenous and exogenous force applied."[19]

---

[16] *Id.*

[17] Def.'s Resp. at 7.

[18] *Id.* at 8 (citing *McMillian v. Weeks Marine Inc.*, 2008 WL 4442087 (D. Del. Sept. 30, 2008)).

[19] *Id.* at 9. Defendants also asserted at oral argument (expanding on what they had argued in their papers) that additional experts would be needed to contest Plaintiff's new theory of negligence. Specifically, Defendants represented that "[biomedical engineers] have been used in shoulder dystocia cases throughout the United States for the past 20 to 25 years and they've survived *Daubert* and *Frye* challenges." *Lewis v. McCracken*, N13C-10-175 RRC, at 36:9-13 (Del. Super. Apr. 27, 2017) (TRANSCRIPT). However, the Court expresses no opinion on this representation.

# IV. DISCUSSION

As previously stated, Plaintiffs seek to present a new theory of negligence to the jury based on evidence that was brought out during Defendants' case-in-chief. Although Plaintiffs characterize their motion as an evidentiary motion *in limine*, the Court finds that Plaintiffs' application in effect seeks to add a new count of negligence against Nurse Szymanski, now barred by the statute of limitations, which was not pleaded in the original complaint. Accordingly, Plaintiffs' application is denied.

Under Delaware law, 18 *Del. C.* § 6856, an action for medical negligence must be brought within a two year period after the occurrence of the allegedly negligent action. In this case, the parties agree that the statute of limitations bars plaintiffs from bringing any new parties into this action.

Nevertheless, Plaintiffs contend that they should be permitted to present this theory of liability to the jury because the claim would be a direct claim of negligence against AAW. Plaintiffs' contention is without merit. Under Delaware law, in order for a corporate entity to be found liable for the negligence of its employees, a viable cause of action must exist against the employee. This issue was squarely addressed in *Greco v. University of Delaware*.[20] In *Greco*, the plaintiff attempted to bring a cause of action against the University of Delaware as the employer of her treating physician. However, the plaintiff conceded that a claim against the physician was time barred by the statute of limitations. The Delaware Supreme Court held that

> the alleged negligence of an employee, who is a health care provider, must be the focus of any inquiry into the vicarious liability of the employer of that health care provider under the doctrine of *respondeat superior*. If an employee, who is a licensed health care provider, is not liable to the plaintiff for medical negligence, neither is the employer.[21]

---

[20] 619 A.2d 900 (Del. 1993).
[21] *Id.* at 903.

8

In this case, Plaintiffs suggest that their claim is not a direct one of negligence against Nurse Szymanski, but rather a direct claim against AAW, thereby avoiding the *respondeat superior* doctrine. However, Plaintiffs' contention is without merit. In their opening letter memorandum, Plaintiffs claim that AAW "breach[ed] [] the applicable standard of care by its midwife employee during the delivery of Tyra Curtis." As is apparent from that assertion, the claim of negligence relates solely to the actions of Nurse Szymanski. Plaintiffs have not demonstrated any negligence attributable to the corporate entity, such as negligent hiring, negligent supervision, negligent training, or negligent retention.[22] Accordingly, as the new claim that Plaintiffs wish to assert is related to the alleged negligence of Nurse Szymanski, AAW can only be found liable by way of the doctrine of vicarious liability and *respondeat superior*, and Plaintiffs' application must be evaluated in light of the Delaware Supreme Court's holding in *Greco*.

As the Delaware Supreme Court held in *Greco*, "a viable cause of action against the employee for negligence is a condition precedent to imputing vicarious liability for such negligence to the employer pursuant to the theory of *respondeat superior*."[23] In this case, Plaintiffs concede that "Nurse Szymanski cannot be brought in at this juncture as a party defendant" because a claim against her would be barred by the statute of limitations.[24] Although Plaintiffs contend that their broad original Complaint envisioned a claim against AAW's employees,[25] Plaintiffs' claim, as it was distilled throughout the discovery process and ultimately

---

[22] *See Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 826 (Del. Super. 2009).

[23] *Greco*, 619 A.2d at 903.

[24] At oral argument on this application, the Court asked Plaintiffs' counsel whether "there [is] any theory by which Nurse Szymanski could, at this juncture, be held liable for the injuries[.]" Plaintiffs' counsel responded: "Personally? I don't think so. The corporation is." *Lewis v. McCracken*, N13C-10-175 RRC, at 17:8-12 (Del. Super. Apr. 27, 2017) (TRANSCRIPT). Subsequently, the Court asked whether Plaintiffs' counsel "agree[s] that Nurse Szymanski cannot be brought in at this juncture as a party defendant?" Plaintiffs' counsel responded: "Yes." *Id.* at 50:11-14.

[25] Plaintiffs assert that paragraph twenty-two of their complaint broadly includes a claim against AAW's employees:

> At all times relevant, All About Women of Christiana Care, Inc. acted by and through its directors, officers, shareholders, employees, physicians, nurses, staff members, agents, servants, and/or ostensible agents subject to its right of control or action within the course [or] scope of their agency.

9

memorialized in the pretrial stipulation, was clearly limited to an allegation that Dr. McCracken applied "excessive lateral traction" to Tyra's head during her delivery. Until the November 22 jury note, a possible negligence issue based on Nurse Szymanski's alleged instruction to "push" had not been raised by either party. As no viable claim against Nurse Szymanski exists because the statute of limitations has expired, AAW cannot be held vicariously liable for her alleged negligence. Accordingly, Plaintiffs' application is denied.

Because the Court holds that Plaintiffs' new theory of negligence is barred by the statute of limitations, the Court does not reach Defendants' alternative contentions regarding the law of the case doctrine or relevancy under the Delaware Rules of Evidence.

Despite Plaintiffs' concession that a direct claim against Nurse Szymanski is barred by the statute of limitations, Plaintiffs' contend that ruling in favor of Defendants on this application would result in "manifest injustice." Although Superior Court Civil Rule 16(e) permits a Court to amend its previous orders, the Court cannot amend its pretrial order to permit the presentation of a new claim that is barred by the statute of limitations. The Court cannot "create exceptions to the continuous running of the statute of the statute in absence of express statutory language."[26] Applying the plain meaning of 18 *Del. C.* § 6856, the Court finds no express statutory language providing an exception for "manifest injustice." Additionally, as Plaintiff's claim is barred by the statute of limitations, the Court expresses no opinion as to whether disallowance of the new claim sought to be presented by Plaintiffs (and assuming the new claim, if allowed, would survive pretrial motions to dismiss for the reasons advanced in Defendants' Response) otherwise constitutes "manifest injustice" under the unique circumstances of this case.

---

[26] *Mergenthaler v. Asbestos Corp. of America*, 500 A.2d 1357, 1363 (Del. Super. 1985).

## V. CONCLUSION

Therefore, Plaintiff's Application to discuss AAW's alleged breach of the applicable standard of care by its midwife employee with the jury is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary

11