**Ronald JONES, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 289, 2013.**

Supreme Court of Delaware.

Submitted: Nov. 6, 2013.
Decided: Nov. 13, 2013.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Scott D. Goodwin, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Ronald Jones ("Jones"), appeals from a bench trial conviction in the Superior Court of one count of Failing to Reregister as a Sex Offender. Jones raises one claim on appeal. Jones contends that the evidence failed to show beyond a reasonable doubt that Jones had knowingly or recklessly failed to re-register as a homeless sex offender.

We have concluded that Jones' argument is without merit. Therefore, the judgment of the Superior Court is affirmed.

### *Facts*

On September 28, 2012, Jones was released from prison after being convicted of a sex offense in New Jersey. Upon release, Jones moved to Delaware to be closer to his mother. Jones then spoke to Richard Paredes, the executive director of the 3–D Foundation ("3–D"), which is dedicated to allowing former prisoners and mentally disabled to barter services in return for a place to stay.

3–D gave Jones a cell phone and housing located on West Willow Run Drive ("Willow Run"), which Jones would help repair in return for a rent referral. If Jones was

unable to work, he would have been charged rent at a rate of ten dollars per day. Jones arrived at the Willow Run house on September 28th and slept that night on a love seat in the living room while another resident slept on a day bed.

When Paredes first met Jones, he informed Jones that he was obliged to register and re-register as a sex offender. Specifically, Paredes told Jones, "the main thing that you have to do is go to the State Police, get registered, and then, if you change your address, that you need to go back within 72 hours and change ... if you're changing your address, that you need to register with them and let them know what you're doing, even if you're homeless, you have to let them know."

On October 1, 2012, Jones registered with the State Bureau of Identification, listing Willow Run as both his mailing address and physical address and indicating that he did not live at any other addresses permanently or temporarily. Jones later testified that when he filled out the application to register, no one explained to him the meaning of "residence."

As part of Jones' registration, he signed a Verification Supplement, which, among other things, stated: "[w]ithin 3 days, after my change of address ... I must report to the State Bureau of Identification to update my registration information in-person." Jones also signed and submitted a Verification Certification, which provided: "I further understand that it is my duty to report any change in the information provided. I must report any change within three (3) business days by reporting in-person to the Delaware State Police State Bureau of Identification."

Jones testified that he stayed overnight at the Willow Run house for about twelve to fourteen non-consecutive nights until mid-December when he was arrested. But William Loper, another occupant of Willow Run who spent every night at the residence from October through December of that year, testified that he never saw Jones at Willow Run after the first night he stayed there. Jones also testified that he had left some of his property at Willow Run. Loper, however, testified that Jones left no belongings at Willow Run, even though his mail was still sent there.

Loper testified that Jones would just call to ask "if anybody came, if he had any mail, or stuff like that." Loper further testified that when he met Jones on the first night, he allowed him to use his cell phone charger. Loper testified that Jones left the next day, taking the charger with him.

When Jones left Willow Run, he came to see Paredes on numerous occasions and told him that "he was back and forth with his mother" and "basically he was staying at his mother's house." Jones testified that during this time he stayed at other locations besides Willow Run for no more than a night or two and often stayed out on the street at night and in shelters during the day where he would rest and look for work.

Paredes testified that Jones told him that he only stayed at Willow Run for one day. Paredes also testified that he told Jones that if he no longer resided in Willow Run, he would have to inform the State Police of his new address or his homelessness. In addition, Paredes testified that sometime between November and December he spoke with Jones about returning 3–D's cell phone. Paredes told Jones, "you need to get your property that you have over there. But make sure that you go to the State Police and give them what address that you're living at and if you cannot give that address for whatever reason, you need to register as homeless."

Paredes again advised Jones that, "you've got to be careful because if they find out that you're not living there, you can be in trouble." When Paredes spoke to the police, he said, "I had told [Jones] several times to make sure that—because they told me that there was a warrant out for his arrest, so I got—I got concerned and I said then—I told him, I said take care of this before it gets worse." Jones admitted that Paredes talked to him about sex offender registration on more than one occasion. Nevertheless, Jones claimed at trial that he was never given any indication, including from Paredes, that he no longer resided at Willow Run.

On December 2, 2012, Detective Rhonda Cras of the New Castle County Police went to Willow Run to verify Jones' address. After talking to Paredes and Loper, she observed that Jones likely did not reside there. Determining that Jones did not reside at Willow Run, Cras obtained a warrant for his arrest for failure to re-register. Jones was arrested on December 18, 2012. He re-registered as homeless on December 19, 2012. Jones continued to re-register so every seven days as required by Delaware statute.

On February 4, 2013, a New Castle County grand jury indicted Jones for Failure to Re-register as a Sex Offender. Jones waived his right to a jury trial. A one-day bench trial was held on May 16, 2013. At the conclusion of trial, the Superior Court judge found Jones guilty of failing to re-register with respect to his address and immediately sentenced him to 2 years at level V, suspended for 12 months at level II, suspended after 6 months at level I. This appeal followed.

### Standard of Review

Jones contends that section 4120 does not require him to re-register unless he has a "new residence." Alternatively, Jones argues that even if he had to re-register, his failure to re-register as homeless was neither knowing nor reckless because he subjectively believed he was not homeless and did not receive adequate notice to the contrary.

■■■ In a nonjury case in which a Superior Court Judge sits as the finder of fact, an appeal is to both the law and facts.[1] If the findings of the trial court "are sufficiently supported by the record and are the product of an orderly and logical deductive process, in the exercise of judicial restraint we accept them, even though independently we might have reached opposite conclusions."[2] Only when the findings are "clearly wrong" and the doing of justice requires their overturn will this Court make contradictory findings of fact.[3] "When the determination of facts turns on a question of credibility and the acceptance or rejection of 'live' testimony by the trial judge, his or her findings will be approved upon review."[4]

### Change of Residence

Jones first argues that Section 4120 does not require him to re-register unless he has a new residence. Section 4120(f)(1) provides that "[a]ny sex offender who is required to register pursuant to this section who thereafter changes the sex offender's ... residence address ... shall re-register with the Delaware State Police by appearing in person within *3 business*

---

1. *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972) (citing *duPont v. duPont*, 216 A.2d 674 (Del.1966)).

2. *Id.*

3. *Id.*

4. *Id.* (citing *Barks v. Herzberg*, 206 A.2d 507 (Del.1965)).

*days* of the change."[5] Section 4120 further provides that any sex offender "who knowingly or recklessly fails to register or re-register or provide verification on the date on which it is required pursuant to this section ... shall be guilty of a class G felony."[6]

■ Jones argues that he is only obligated to re-register when he has continuously resided at a location for more than two weeks. This argument, however, is not supported by the record. Under the Delaware Code, the definition of "residence" requires only *two-plus weeks of cumulative use* within a one-year period.[7] There is no continuous-use requirement in the statute.[8] Any change in Jones' residence, including a cessation of residence, automatically triggers Jones' statutory duty to re-register.[9]

■ Loper, who the Superior Court found to be "very credible," testified that: he has only seen Jones one night at Willow Run, and Jones left no possessions at the residence; and that Loper's roommates had told Jones that he could not stay at Willow Run. Paredes testified that Jones has told him that he had only stayed one day at Willow Run and that "basically he was staying at his mothers house." Jones also admitted that when he was not at Willow Run, he "was basically on the street," staying at various shelters. This collective testimony supports the trial judge's findings that Jones changed residence as defined by statute.

Jones no longer resided at Willow Run. Therefore, even if Jones did not establish a new residence, he had a "change" in residence when he no longer resided at Willow Run.

### Homeless Status

■ Jones next argues that his failure to re-register as homeless was neither knowing nor reckless because he subjectively believed he was not homeless and was not adequately noticed to the contrary. This argument is not supported by the record. Section 4120(f)(4) provides, in pertinent part:

Any agency ... which collects information from a sex offender pursuant to this section shall, at the time of registration, provide written notice to the sex offender of the offender's duty to reregister pursuant to this section.... The written notice shall be provided on forms provided by the Superintendent of the Delaware State Police. Receipt of this written notice shall be acknowledged by the sex offender, who shall sign the original

---

5. Del.Code Ann. tit. 11, § 4120(f)(1) (emphasis added).

6. Del.Code Ann. tit. 11, § 4120(k).

7. For purposes of this subchapter, "residence" is defined as:
   [T]he real property the person owns as a place of abode, the real property the person leases as a place of abode, the real property the person uses as a place of abode, the real property where the person vacations for a period greater than *2 weeks within a 1–year period,* and the real property where the person is an overnight guest for a period greater than 2 weeks within a 1–year period. A sex offender may have more than 1 address that meets this definition of resi-

dence at the same time. If the sex offender has more than 1 residence address at the same time, the offender must register each of those addresses. In any prosecution for the offense of failing to re-register as a sex offender, the prosecution shall not be required to prove that the sex offender abandoned one residence in order to establish that the offender established another residence.
Del.Code Ann. tit. 11, § 4120(f)(7) (emphasis added).

8. *Id.*

9. *See* Del.Code Ann. tit. 11, § 4120(f)(1).

copy of the written notice.... Failure of the registering agency to provide such written notice shall not constitute a defense to any prosecution based upon a violation of this section.[10]

Although Jones claimed that he resided at Willow Run for twelve to fourteen nonconsecutive days and considered Willow Run his residence until his arrest, there was substantial evidence for the trial judge to conclude that Jones was on notice that his residential information had changed and that he had a duty to re-register.

When Jones registered Willow Run as his physical and mailing address, he indicated that he was living at no other addresses, whether permanent or temporary. At the same time, Jones signed a Verification Supplement and a Verification Certification that included an acknowledgement recognizing his obligation to report "any change of address" or "any change in the information provided" within three days. Thus, Jones was on notice that if he began living at any other address—even temporarily—or if his physical address differed from his mailing address, he had an affirmative obligation to report such change.

Even if the Verification Supplement and the Verification Certification did not adequately provide Jones with notice, the record demonstrates that Jones knew he had to re-register. Paredes, who the trial judge found to be even more credible than Loper, testified that he told Jones that if he changed his address, he must register with the State Police, *even if he is homeless.* Paredes also testified that he had repeatedly told Jones that he needed to remove his property from Willow Run and re-register with State Police. Therefore, the record supports the trial judge's finding that Jones knowingly failed to re-register with the State Police in derogation of the Delaware statutory requirement to do so.

### Conclusion

The judgment of the Superior Court is affirmed.

---

10.  Del.Code Ann. tit. 11, § 4120(f)(4).