**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1123
_____

RONALD JONES,
                    Appellant

v.

R. KIRCHENBAUER, State Police Trooper; A. GREEN, State Police Trooper; PERNA,
State Police Sergeant; E. SCHIAVI, State Police Lieutenant; M. CRAFT, State Police
Captain; HAKE, State Police Internal Affairs; J. RUGALSKY, Civil Rights Officer; M.
DENN, Attorney General of the State of Delaware
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-00967)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2021
Before: CHAGARES, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 11, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Ronald Jones appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). For the reasons set forth below, we will affirm.

On July 21, 2020, Jones filed a complaint against several Delaware state police officials and the attorney general of Delaware.[1] Jones alleged that he attempted to sell his car after it had some mechanical issues, but the prospective buyer took control of the car without tendering payment to Jones. Jones called the police to report his car stolen and two officers responded to the scene on April 24, 2018. After speaking to the prospective buyer and learning that he had allegedly performed maintenance on the car, the officers informed Jones that the matter was civil in nature and that they could not help him. According to Jones, the officers refused to help him because of their belief that Jones was categorized as a Tier 3 sex offender on the Delaware sex offender registry, which Jones contends is not accurate.[2] After that incident, Jones sent numerous letters to different state officials complaining that he was listed on the sex offender registry as a Tier 3 offender without advance notice and that the listing caused the police officers to treat him unfavorably. On September 24, 2018, Jones sent a letter to the attorney general of Delaware about the incident with the police officers.

---

constitute binding precedent.

[1] Because we write primarily for the benefit of the parties, we summarize only those facts that are necessary for the discussion.

[2] As the District Court noted, Jones has been registered in Delaware as a sex offender since 2012 and was convicted of failing to reregister as a sex offender in 2013. See Jones v. State, 81 A.3d 1248 (Del. 2013).

The District Court dismissed the complaint at screening under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court noted that the events in the complaint, with the exception of the claims against the Delaware attorney general, occurred more than two years before the filing of the complaint and were thus barred by the statute of limitations. The claims against the attorney general were dismissed because they were matters of state law and because the attorney general was not personally involved in the incident. Jones appealed. In this Court, he has filed a motion for a stay and injunction.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's ruling. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We construe Jones's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The District Court determined correctly that most of Jones's claims were barred by the statute of limitations.[3] The statutes of limitations for civil rights suits under §§ 1983 and 1985 in Delaware is two years. See McDowell v. Del. State Police, 88 F.3d 188, 190

---

[3] Ordinarily, the statute of limitations is an affirmative defense that must be pleaded and is subject to waiver, see Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008), but untimeliness may justify sua sponte dismissal where, as here, "it is clear from the face of the complaint that there are no meritorious tolling issues." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)); see also Jones v. Bock, 549 U.S. 199, 214-15 (2007) (explaining that a district court may sua sponte dismiss a prisoner complaint that is time-barred).

3

(3d Cir. 1996); Del. Code Ann. tit. 10, § 8119.  The limitations period began to run when Jones became aware, or should have been aware, that the constitutional violation occurred.  Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).  Jones's claims regarding the incident with the police officers and his placement on the sex offender registry began to accrue, at the latest, on April 24, 2018, when he claims that he was mistreated by officers and allegedly found out that he was listed on the sex offender registry.  Jones filed his complaint on July 21, 2020, after the limitations period expired.[4]

Jones argued in his brief that he is entitled to equitable tolling of the statute of limitations because he attempted in good faith to resolve the dispute before beginning to prepare his complaint, he had helped care for his ailing sister, and he had focused his efforts in 2020 on preparing a scientific paper about the coronavirus pandemic.  Br. at 8. We apply Delaware's tolling rules, see Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009), although they are similar to federal rules, see generally Wilson v. King, 673 A.2d 1228, 1231-32 (Del. Super. Ct. 1996); Dickens v. Taylor, 671 F. Supp. 2d 542, 547 (D. Del. 2009).

---

[4] This was also after the expiration of the COVID-19-related extensions provided for by the Delaware Supreme Court.  See generally Simpson v. State Farm Ins. Co., No. CV N20C-10-057 ALR, 2021 WL 1148197, at *2 (Del. Super. Ct. Mar. 25, 2021) (discussing various administrative orders).  Under the latest relevant administrative order issued by the Delaware Supreme Court, statutes of limitations that would have expired during the period between March 23, 2020, and June 30, 2020, were extended through July 1, 2020. See Admin. Order No. 7: Extension of Judicial Emergency (Del. June 5, 2020) (Seitz, C.J.).  Because the statute of limitations here was set to expire on April 24, 2020, it was extended through July 1, 2020.  However, Jones filed about three weeks after that date.

Jones is not entitled to equitable tolling. His attempts to resolve the dispute—which involved mainly writing letters to individuals and entities that lacked the power to intervene—did not toll the limitations period. See generally Mergenthaler v. Asbestos Corp. of Am., 500 A.2d 1357, 1365 n.13 (Del. Super. Ct. 1985) (limitations period is not tolled "due to the fact that the parties are engaged in a period of negotiations"). Likewise, Jones has not shown that his sister's illness or his scientific pursuits "prevented timely filing." Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010); see generally Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013) (explaining, in the context of equitably tolling AEDPA's limitations period, that "there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition"). Accordingly, we conclude that Jones's tolling argument fails.

To the extent that Jones raised a timely claim based on his September 24, 2018 letter to the attorney general of Delaware, it is meritless. Jones alleged that he provided facts to the attorney general about the police officers' conduct and that the attorney general had "a legal duty to deal with the situation." Compl. at 15. However, to state a claim under 42 U.S.C. § 1983, Jones had to allege that the defendant had "personal involvement in the alleged wrongs," which can be shown through "allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The attorney general was not involved in and did not

5

acquiesce to the April 24, 2018 incident.  See generally Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Jones also stated that the attorney general "knew of the conspiracy among the other subordinate named Defendants," Compl. at 15, but such a conclusory claim is not grounds for relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Finally, in light of the fact that all federal claims were dismissed, the District Court appropriately declined to exercise jurisdiction over the remaining state law claims. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Accordingly, we will affirm the judgment of the District Court.  Jones's Motion for Stay and Injunction Pending Appeal is denied.